The Jacksonville Southeastern Railway Company

*v.*

Elizur Southworth.

*Filed at Springfield November 1, 1890.*

1. Negligence— *defective railway track—rapid running of train— evidence.* Where the negligence of a railway company complained of, resulting in a personal injury, is not in respect of a defect in the track at the very place where the car in which the plaintiff was riding was wrecked, but the rapid running of the train over an imperfect track, it is competent for the plaintiff to show the condition of the track over which the train had to pass before reaching the place where the derailment of the car occurred.

2. As a general rule, evidence of defects in a railroad track five or six months after a personal injury is not admissible; but when connected with other proof, showing that the condition of the track remained substantially the same, such evidence may be received, as tending to show the condition at the time of the injury, the court limiting the same for that purpose.

3. Same— *gross negligence—defined.* In an action to recover for a personal injury received while riding upon a railroad train, the defendant asked the court to instruct the jury "that gross negligence is defined

by the law to be willful or intentional negligence:" *Held,* properly refused. Negligence, even when gross, is but an omission of duty. It is not necessarily designed and intentional mischief, though proof of that may be cogent evidence of such fact.

4. Practice—*special questions to jury—materiality essential.* The statute only makes it the duty of the court to require the jury to find specially "upon material questions of fact." If the finding of such special matters can not affect the general verdict in favor of the other party, such special questions will be properly refused.

5. So in an action by a passenger against a railway company to recover damages by reason of the train getting off the track, the defendant asked the court to submit to the jury the question whether the train was running at a greater rate of speed than was usual for passenger trains to run over *ordinary* roads of the State : *Held,* that the question was properly refused as asked, as being immaterial.

Appeal from the Appellate Court for the Third District ;— heard in that court on writ of error to the Circuit Court of Montgomery county; the Hon. Jesse J. Phillips, Judge, presiding.

Messrs. Morrison & Whitlock, for the appellant:

It was error to admit evidence of the condition of the track at other places than the place of the accident. *Sitlecum* v. *Railroad Co.* 30 Am. and Eng. Ry. Cas. 640 ; *Hepsley* v. *Railroad Co.* 88 Mo. 348.

Evidence of the condition of the track two months after the accident is inadmissible. *Pattie* v. *Railroad Co.* 34 Am. and Eng. Ry. Cas. 399 ; *Baird* v. *Daily,* 68 N. Y. 547.

Whether the appellant was guilty of negligence was a question to be decided on the facts as they existed at the time of the injury. What the company did afterward was immaterial. *King* v. *Railroad Co.* 4 Hun, 776 ; *Payne* v. *Railroad Co.* 9 id. 526 ; *Sewell* v. *Cohoes,* 11 id. 626 ; *Hudson* v. *Railroad Co.* 8 Am. and Eng. Ry. Cas. 264 ; *Cramer* v. *City of Burlington,* 45 Iowa, 647 ; *Swetland* v. *Telegraph Co.* 27 id. 434 ; *Blain* v. *Pelham,* 118 Mass. 420 ; *Collins* v. *Dorchester,* 6 Cush. 396 ; *Aldrich* v. *Pelham,* 1 Gray, 510.

Improper evidence should not be admitted, even with an explanation, by the court. *Gridley* v. *Bingham*, 51 Ill. 153; *Railroad Co.* v. *Winslow*, 66 id. 219; *Insurance Co.* v. *Rubin*, 79 id. 402; *Insurance Co.* v. *Gould*, 80 id. 392.

Carriers may, by contract, limit their liability, except for gross negligence. *Railroad Co.* v. *Morrison*, 19 Ill. 136; *Railroad Co.* v. *Read*, 37 id. 484; *Railway Co.* v. *Beggs*, 85 id. 84; *Arnold* v. *Railroad Co.* 83 id. 280; *Bridge Co.* v. *Loomis*, 20 id. 251.

Messrs. Brown, Wheeler & Brown, for the appellee:

There was no error in the admission of the evidence complained of. As to what is gross negligence, see *Railroad Co.* v. *Johnson*, 103 Ill. 512.

Mr. Justice Wilkin delivered the opinion of the Court:

This was an action on the case, by appellee, against appellant, to recover for a personal injury alleged to have been caused by the negligence of appellant.

The declaration alleges that the plaintiff was a passenger on one of the passenger trains of the defendant on the 11th day of March, 1887, between the stations of Virden and Litchfield, in this State, having an annual pass, on the back of which was the condition, "This pass is not transferable, and the person accepting it assumes all risk of accident and damage to person and baggage." The negligence charged in the first count of the declaration is, permitting and suffering the road-bed and track, for a distance of three miles south of Virden, to be and remain out of repair, failing to furnish proper cars for the transportation of plaintiff, and running said train at a dangerous rate of speed. It avers that by reason of the unsafe and insecure condition of said road-bed and track, and the insufficiency of said car, and the rapid and reckless running of said train, the car in which the plaintiff was riding was thrown from the track down an embankment, whereby plain-

tiff was injured, etc.    The second count is the same as the
first, except that it charges only the running of the train at a
dangerous and reckless rate of speed, whereby the said car
was thrown from the track and the plaintiff injured, etc.    On
this declaration plaintiff recovered a judgment in the circuit
court of Montgomery county for $6500 and costs, which hav-
ing been affirmed in the Appellate Court, appellant prosecutes
this appeal.

It is conceded, that under the condition in the pass upon
which plaintiff was riding at the time of the accident, he could
only recover by proving that he received his injury through
the gross negligence of defendant, but it is also conceded that
that question of fact is settled adversely to appellant by the
judgment of the Appellate Court.

The questions of law raised in this court and urged as
grounds of reversal of the judgment below are, the circuit court
erred in admitting improper evidence, in giving and refusing
instructions, and in refusing to submit certain questions to the
jury for special findings.

On the trial, the depositions of Charles Schlow and John T.
McKean were introduced in evidence by the plaintiff, in which
they testify that they assisted in repairing the track of the
defendant, at and near the place of the accident, during the
months of August and September, 1887; that they took out
ties which were rotten and rails that were "battered;" that
some of the ties were too small, and some of the rails very
short; also, that the road-bed was in bad condition, not bal-
lasted, and the rails lying on the dirt.    Their evidence tends
to show, that at the time the repairs were made the general
condition of the track was bad.    Before these depositions were
read, counsel for defendant objected to their introduction, on
the sole ground that "said depositions speak of what occurred
last August and September in repairing the track."    In ruling
upon that objection the court admitted the depositions, but
stated, in substance, that the question of repairs could not

affect the issue being tried, and that any evidence of that character was excluded from the jury, and not to be considered by them in making up their verdict. No exception was taken to this ruling, and the plaintiff's counsel proceeded to read the depositions. General objections were interposed by counsel for appellant to some of the questions and answers, which were overruled. The general tenor of the evidence contained in these depositions is, not to prove that the track was repaired by the defendant after the injury to plaintiff, but to show the condition of the road-bed, ties and rails at the time the repairs were made. The witnesses testify that ties were rotten and too small, rails "battered" and too short, road-bed not ballasted, and rough.

It is insisted that this evidence was incompetent because it is confined to a time long after the injury, and because it is not limited to the place of the accident. Plaintiff's case does not proceed upon the theory that he was injured by reason of a defect in the track or road at the very place where the car in which he was riding was wrecked, but because of the rapid running of the train over an imperfect track. It was therefore competent for him to show the condition of the track over which the train had to pass before reaching the point where the derailment occurred. Many cases can doubtless be found holding that evidence as to the condition of a railroad must be confined to the place of an alleged injury, but they will all be found distinguishable from this in the particular indicated.

The other objection to the competency of this evidence is of more force, but we think, in view of the allegations of the declaration, and other evidence introduced by plaintiff, it was not error to admit it. The proof tended to show that the road-bed and track remained in about the same condition from the date of the accident, during the summer of 1887, to the time of which these witnesses speak. While, as a general rule, evidence of defects in the track so long after the injury would not be admissible, yet being connected with other proof show-

ing that the condition remained substantially the same, it becomes competent. The declaration in this case, among other things, avers that the road-bed was insufficient, ties rotten, rails short, "split and battered." Proof that the road-bed was too narrow and not ballasted, that ties were too small and rails too short or light, in August and September, would tend very strongly to show that the same condition of things existed the previous March. These are not defects arising merely from the road becoming out of repair, but imperfections in construction.

As before stated, we do not regard these depositions as being introduced for the purpose of showing that the defendant made improvements or repairs on its road after the accident. In so far as they do prove that fact they do so only incidentally, and not in a way to suggest to the jury that they were made because of the accident; therefore, no injury could have resulted to appellant. Especially is this true in view of the statement made by the court, in the presence of the jury, before the depositions were read.

It is said that a question put to plaintiff, called in rebuttal to impeach a witness for the defendant, was improper, because it allowed him to repeat all of his statements as to the conversation with that witness. A sufficient answer to this objection is, that he did not repeat, or attempt to repeat, such conversation.

It is insisted that the fourth instruction given on behalf of the plaintiff should have been refused, because, as is said, it took from the jury the case made by the defendant. We do not so understand the instruction.

Appellant asked the court to instruct the jury "that gross negligence is defined by the law to be willful or intentional negligence," which it refused to do. In this there was no error. "Negligence, even when gross, is but an omission of duty. It is not designed and intentional mischief, although it may be cogent evidence of such fact." Gross negligence is

defined to be "the want of slight diligence or care." *Chicago, Burlington and Quincy Railroad Co.* v. *Johnson, Admr.* 103 Ill. 512; 1 Shearman & Redfield on Negligence, secs. 47, 48, 49.

We agree with counsel for appellant that the evidence was such as to call for an accurate presentation of the law to the jury; but after a critical examination of the instructions given and refused, we are unable to perceive wherein appellant was prejudiced in that regard. On the contrary, the jury was instructed quite as favorably to it as the law would justify.

Appellant asked the court to submit to the jury thirteen questions for special findings. The first, as asked, read: "Was the train   *   *   *   moving at a greater rate of speed than was usual for passenger trains to run over *ordinary* roads of the State," etc. The seventh, as asked, read: "Was the speed of the train   *   *   *   greater than was deemed safe for trains to travel on the *ordinary* railroads of the country, by experienced and competent railroad managers of like roads." The court struck out of the first the word "*ordinary*," and inserted the words, "of a similar character and condition that this defendant's road was in, as shown by the evidence." The seventh was also modified by striking out the word "*ordinary*," and all after the word "*country*," and inserting, "of the kind and condition this is shown to be by the evidence in the case." Thus modified, the first seven interrogatories were submitted, and all others refused. The complaint is, that the court improperly modified the first and seventh, and should have given those refused.

The statute only makes it the duty of the court to require the jury to find specially "upon material questions of fact." The first and seventh questions, as asked by appellant, called for the finding of immaterial facts. The court, for that reason, very properly changed them.

The eighth, ninth, eleventh, twelfth and thirteenth questions submitted called for findings as to the soundness, manufacture and proper testing of car wheels under the coach in which

plaintiff was riding; the tenth, whether or not the engineer and conductor in charge of the train were experienced and competent employes. It need scarcely be suggested that these were all questions immaterial to the issue. Had they all been found for appellant the general verdict would have been wholly unaffected, and therefore they were properly refused. *Chicago and Northwestern Ry. Co.* v. *Dunleavy,* 129 Ill. 132; 2 Thompson on Trials, sec. 2694.

We find no substantial error in this record. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*