## City of Mt. Carmel v. Arabella Guthridge.

1. Negligence—*What is.*—Where employes of a city were engaged in building a crossing over a ditch, quit work in the evening leaving the crossing unfinished, and without placing any guard, light or other device to warn or protect pedestrians, *it was held*, that the city was guilty of negligence.

2. Cities and Villages—*Not Insurers Against Accidents.*—A city is not an insurer against accidents; it only has to exercise reasonable care to make and keep its sidewalks and crossings reasonably safe.

3. Comparative Negligence—*The Rule Stated.*—Where there is slight negligence on the part of the person injured, contributing to the injury, there must be gross negligence on the part of the defendant in comparison therewith, in order to justify a recovery.

4. Error—*Will Not Always Reverse.*—It is not every error that will reverse, where substantial justice has been done.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Wabash County; the Hon. Silas Z. Landes, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

*Plaintiff's 1st, 7th and 8th instructions referred to in the opinion of the court:*

(1.) The defendant city is bound, in law, to use all reasonable care, caution and supervision to keep its streets and street crossings in a safe condition for travel, in the ordinary modes of traveling, by night as well as by day, and if it fails to do so, is liable for injuries sustained in consequence of such failure, provided the person injured is exercising reasonable care and caution; and the fact that the plaintiff may, in some way, have contributed to the injury sustained by her, will not prevent her recovery, if by ordinary care she could not have avoided the consequences to herself of the defendant's (city's) negligence.

(7.) By the term gross negligence, as used in these instructions, is meant a wrongful act or omission, willfully and maliciously done or omitted, or wantonly reckless conduct, showing an utter disregard of the rights of others.

(8.) While a person is bound to use reasonable care to avoid injury, yet he is not held to the highest degree of care and prudence of which the human mind is capable, and to authorize a recovery for an injury, he need not be wholly free from negligence; provided his negligence is but slight, and the other party be guilty of gross negligence, as compared to each other, as defined in these instructions. And in this case, although the jury may believe from the evidence that the plaintiff was guilty of some slight negligence, yet if you further believe from the evidence that the plaintiff's negligence was but slight, and that the defend-

City of Mt. Carmel v. Guthridge.

ant was guilty of gross negligence, as compared to each other, as explained in these instructions, and that the injuries complained of were caused thereby, then the plaintiff is entitled to recover.

## STATEMENT OF THE CASE.

On the west side of Chestnut street, at its intersection with Fourth street, on September 15, 1892, the appellant was constructing a crossing over Fourth street to take the place of an old and insufficient one that had been located about fourteen feet east of the new crossing. Chestnut street extends north and south, while Fourth street extends east and west. The crossing had been constructed and completed from the south side of Fourth street to within fourteen feet of a ditch, about three feet deep, that ran east and west along the north side of Fourth street, and over which said crossing would extend when completed. There was a brick side-walk along the west side of Chestnut street, extending to the north and south lines of Fourth street, at the intersection, which formed the abutments for said crossing. From the north end of the incompleted crossing to the ditch, where the accident occurred, a distance of some fourteen feet, there was, for the first part of said distance, a slight depression, and then the incline to the ditch became greater. The crossing was a few inches above the earth at the north and uncompleted end.

The street superintendent and his men quit work at that crossing about 5:30 o'clock on the evening of the 15th of September, and did not place any guard, light or other device to warn or protect pedestrians who might attempt to pass over Fourth street, at that crossing. Between 7 and 8 o'clock that evening, the appellee, in company with her niece, a Miss Phipps, started from the house of her sister, situated at the southeast corner of said intersection of streets to go west over Chestnut street, along the south line of Fourth street, and from the west side of Chestnut street started north over Fourth street and over said new crossing to reach Mr. Parkinson's house, situated at the northwest corner of said intersection, for the purpose of getting some fresh water.

She testified that she supposed the street was safe, did

not see any signal, and never thought of anything being wrong until she stepped off the end of the unfinished crossing and did not recover herself until she struck the abutment on the north side of the ditch, into which ditch she fell and was assisted out by some passer-by.   She testified that some of her teeth were knocked loose, two fillings knocked out, and was injured in her head, knees, sides and ankle, but at the time did not believe she was badly injured and said so. She went to the theater that night but found she was suffering great pain, and on the next morning went to her home at Indianapolis, where on examination of her limb by a surgeon, it was found to be so injured as to require it to be incased in a plaster of paris cast, which was kept on for over six weeks.   She claimed at the trial that it was still weak.

At the time of the accident she was on a visit to her sister, Mrs. Mundy, and had never been over that street before, and did not notice the old crossing fourteen feet east of the new one.   The appellee's evidence tends to show the night was dark, while there was evidence on the part of appellant to show that it was not so dark but that appellee could see, had she been looking.

GEO. P. RAMSEY, attorney for appellant.

MUNDY & ORGAN, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The points made by appellant in the argument, are: 1. That the judgment is not sustained by the evidence. 2. That instructions 1, 3, 4 and 10, given for the appellee, are erroneous.   There is no complaint that the verdict was excessive or that the appellee did not sustain serious injury. Under the first head, it is claimed that appellee should have taken the old crossing, fourteen feet east of the new one, and which she reached in passing over Chestnut street before she reached the new crossing.   As shown by the statement of facts, she was a stranger in the city, and had never been on that street before.   Certainly, without some previous knowledge, she could not be expected to pass over

a crossing that was fourteen feet out of its proper place; neither did the law require her to be looking for a crossing at such a place. From the point of the old crossing, had she seen it, the evidence does not show that she could have observed that the new crossing was not completed. In fact, we are impressed by the whole evidence that the night was dark, and only general outlines could be observed.

That the city was negligent in leaving the ditch unguarded and unlighted that night, we think is clearly established. It was gross negligence, for which no excuse is offered in this record.

It is also claimed appellee was negligent in allowing herself to be precipitated into the ditch, after stepping off the north end of the new crossing, some fourteen feet distant. There were only two witnesses who testified how that occurred, the appellee and her niece. They in effect say that it was so dark that they did not observe the end of the crossing, and when they stepped off, they were unable to recover themselves until they fell in the ditch. It would appear that they might have recovered themselves before proceeding that distance, yet this court can not say that they should have done so or could have done so.

There is nothing in this record to indicate that they voluntarily precipitated themselves into the ditch. Only a few steps were required to take them into the ditch after leaving the crossing; what is sometimes termed a " running fall," occasioned by a person attempting to gather or recover himself from starting to fall, would carry them that distance.

However, not knowing that there was another crossing at an unusual place in the street, had the appellee walked off the crossing and on the earth for fourteen feet, and then fell in the ditch, it could not be said from anything that appears in this record, that she would have been guilty of contributory negligence. She would have had a right to suppose, being a stranger, that there was not a pit-fall unguarded ahead of her. We are not prepared to say the evidence shows that there was sufficient light for her to have seen it.

The evidence sustains the verdict, which was for the sum of $550.

The first instruction given on behalf of appellee is subject to criticism and does not correctly state the law. The eighth instruction, however, states the law fully and fairly as to the doctrine of comparative negligence, and in the seventh instruction given on behalf of appellee, " gross negligence " is defined in terms of "intentional wrong," which is much stronger than was required. J. S. E. Ry. Co. v. Southworth, 135 Ill. 250.

There was no error in giving the third instruction for appellee. It was not hypothetical, but stated a proposition of law correctly.

The tenth instruction is subject to the criticism of limiting the care required after appellee stepped off the crossing. But as there is no evidence to show that appellee saw the other crossing, or reason assigned why she, a stranger, should have seen it at the place it was located, this error was harmless.

The propositions of law asserted by appellant's counsel are correct: that the city is not an insurer against accidents; that it only has to exercise reasonable care to make and keep its sidewalks and crossings reasonably safe; that persons in using them, must on their part exercise ordinary care to avoid injury, and that care is measured by the known condition existing, and that where there is slight negligence on the part of the person injured, contributing to the injury, there must be gross negligence on the part of the defendant in comparison therewith, in order to justify a recovery. The first instruction violates this last proposition of law, yet it is not every error that will reverse where substantial justice has been done.

The evidence is not deemed so conflicting as to the right of recovery as to justify a reversal of this judgment on that ground, especially in view of the seventh and eighth instructions that were given for appellant. The judgment will be affirmed.