ARNDT *v.* BOURKE.

1. PLEADING—DECLARATION—AMENDMENT DURING TRIAL.
   The fact that defendant, who pleaded the general issue to a declaration for personal injuries, requested plaintiff, at the commencement of the trial, to make at that time any amendments to the declaration that were contemplated, and that, notwithstanding such request, plaintiff first asked permission to amend after nearly all the witnesses were sworn, does not make the allowance of the amendment erroneous, where no claim was made by defendant that the amendment was an improper one, or that its allowance at such time entitled him to a continuance.

2. PERSONAL INJURIES—DEFECTIVE STAIRWAY—EVIDENCE.
   Testimony by various persons as to the condition at different times of a stairway down which the plaintiff fell to her injury is competent, although extending from the day of the accident to a period 10 or 12 days thereafter, where the testimony of each witness supplements that of the others, and tends to show a continuance of the defective condition.

3. SAME—FINANCIAL CIRCUMSTANCES OF PLAINTIFF.— HARMLESS ERROR.
   In an action for personal injuries, error, if any, in admitting evidence that plaintiff is without means, is harmless, where it was admitted solely in rebuttal of evidence that counsel were to have a share of any judgment recovered as their fee, and where the verdict shows that the jury did not consider it in estimating the damages.

Error to Wayne; Hosmer, J.  Submitted April 5, 1899. Decided May 23, 1899.

Case by Rosalie Arndt against Michael J. Bourke and others for personal injuries.  From a judgment for plaintiff, defendants bring error.  Affirmed.

*De Forest Paine* and *Charles E. Hilton*, for appellants.

*Sullivan & Mason* (*J. Emmet Sullivan*, of counsel), for appellee.

MOORE, J. This was an action on the case ror the re-
covery of damages for injuries received by the plaintiff
from a fall on a stairway leading to the cellar of a build-
ing owned by the defendants, and occupied by the plain-
tiff, her husband and family, as their tenants. Plaintiff
had a verdict for $1,000 in the court below. Defendants
appeal. The defendants' plea was the general issue.

On the 28th of May the trial commenced. Counsel for
the plaintiff made an opening statement to the jury of the
facts he expected to prove on behalf of his client. A
witness was sworn, when counsel for defendants objected
to the proof being offered in evidence which counsel for
plaintiff stated was plaintiff's case, for the reason that it
was not competent under the declaration, and proceeded
to say wherein he thought the declaration was defective.
The judge said, as counsel had not demurred to the dec-
laration, he thought the declaration good, but, if it was
thought not to be good, he would allow the plaintiff on the
trial to amend it. Counsel for defendants replied, if it
was to be amended, he would like it amended then, as
he was there to try a particular case and no other.
The judge directed the trial to proceed. Eight witnesses
were sworn on the part of the plaintiff, and eleven on the
part of the defendants. Nearly all of these witnesses had
testified, when counsel for plaintiff said he desired to
amend his declaration. Counsel for defendants objected
to the amendment. He was asked by the court if he
was surprised. He said he was as to the amendment
then proposed. A colloquy then occurred between the
court and counsel, indicating that no serious objection
was made to the amendment, and it was allowed to be
made. Counsel made no claim that he was not pre-
pared to meet the issue as framed, but, on the contrary,
offered proof which, if believed by the jury, would be a
complete defense to the case made by the plaintiff. No
request was made that the case be continued to allow
counsel to procure other proof. It is now said the court
erred in allowing the amendment to be made.

If a declaration is defective, the question of its sufficiency should be raised by demurrer, so that the defect can be remedied before the parties have been to the expense of getting ready for the trial. Courts do not look with favor upon the practice of waiting until the trial has commenced before questioning the sufficiency of the declaration. Where this is done, the defect must very clearly appear before the objection to taking testimony will be sustained. *Jennison* v. *Haire*, 29 Mich. 210; *Van Middlesworth* v. *Van Middlesworth*, 32 Mich. 183; *Sutton* v. *Van Akin*, 51 Mich. 463. We do not feel at all certain that the original declaration was not broad enough to allow the proof offered by the plaintiff to be received, but, under the record, we do not deem it necessary to pass upon that question. The legislature has provided for the amendment of pleadings so as to allow the trial upon the merits to proceed without unnecessary delay. 3 Comp. Laws 1897, § 10268, and the many cases cited in the note thereto. The amendment allowed was a proper one. It is apparent counsel were advised, at the commencement of the trial, it would be permitted during the trial. Had they claimed they were not prepared to meet the issue as framed, the court undoubtedly, upon a proper showing, would not have compelled the trial to proceed. The action of the court in permitting the amendment was not error.

It was the claim of plaintiff that defendants undertook to put in repair a stairway leading to the basement in the building occupied by herself and her husband as tenants of the defendants, and that, after the stairway was repaired, she was assured by one of the defendants, who acted as the agent for all, that the stairway was entirely safe; but that it was constructed of such improper material that when she used it, some months thereafter, one of the steps broke through, resulting in her receiving serious injuries. Some of the assignments of error relate to the admission of testimony as to the condition of these stairs at times varying from the same day the accident oc-

curred until 10 or 12 days thereafter, upon the ground that too much time had elapsed to make the testimony competent. These stairs were in a house used by but few people. We think the testimony, one witness supplementing the testimony of the others, was all properly admitted. The testimony of the successive witnesses fairly warranted the inference that the defective conditions continued until the latest time mentioned by any of the witnesses.

It was the claim of the plaintiff that, 16 years prior to the accident, she had a hernia, caused by a childbirth, from which she did not suffer until she fell upon the stairs, when the hernia grew rapidly, and at the time of the trial it was very large. It was her claim the enlargement of the hernia was caused by the injury. Dr. McGraw was called as a witness by defendants to show that the enlargement might have been caused by subsequent childbirths (it having been shown Mrs. Arndt was the mother of four children), and that it was a common experience for such hernias to increase in size with very stout women. Objection was made to a question put to him upon the cross-examination. Under the latitude allowed in a cross-examination, the question was not objectionable.

Counsel for defendants drew out, by cross-examination, from the plaintiff and her husband, that the attorneys for the plaintiff were to have a share of any judgment which might be recovered by the plaintiff. After this testimony was drawn out, plaintiff was permitted to show that neither Mr. nor Mrs. Arndt had any property of their own. It is said this was error, as it was calculated to prejudice the jury in favor of the plaintiff against the defendants; counsel citing *Chicago, etc., R. Co.* v. *Bayfield,* 37 Mich. 214, and *Hunn* v. *Railway Co.,* 78 Mich. 529 (7 L. R. A. 500). In each of those cases the suit was brought by the representative of the estate of the deceased, who received injuries resulting in his death. Proof in those cases was received to show the needy condition of the family of the deceased, and as bearing upon the question of damages, and the court very properly said the

proof was not competent for that purpose. In this case counsel for the defendants contended the claim of plaintiff was not an honest one, but was a speculative one, and, for the purpose of sustaining their contention, put in the proof that the plaintiff was to share the verdict with her attorneys. To meet that contention, proof was introduced showing the poverty of the plaintiff and her husband, for the purpose of showing their inability to employ counsel in any other way than in the way they were employed. There is nothing in the record to show the testimony was used by counsel, court, or jury for any other purpose. In view of the amount of the verdict, it is clear the jury did not, because of it, enhance the damages of plaintiff, and, if its admission was error, we do not think it can be said to have been harmful error.

Counsel assign error upon the refusal of the court to give their requests to charge. Such of them as were proper to be given were fully and completely covered in the general charge.

The judgment is affirmed.

The other Justices concurred.