St. Louis, P. & N. Ry. Co. v. Dorsey.

---

**St. Louis, P. & N. Ry. Co. v. John J. Dorsey, Adm'r, etc.**

89    555
a189s 251

1. EVIDENCE—*Of Car Repairer in Personal Injury Case Admissible.*—Evidence showing that defendant's car repairer, on the Friday before the accident repaired the car in question, and about a week after the accident examined the same brake appliances and broken pieces and identified them as those he had put on the car the Friday before the accident, is properly admitted.

**Action on the Case,** for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed June 12, 1900.

CONKLING & GROUT, attorneys for appellant.

BROWN, WHEELER, BROWN & HAY, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

Appellee, John J. Dorsey, as administrator of the estate of William H. Shringley, deceased, sued appellant, St. Louis, Peoria & Northern Railway Company, in an action on the case to recover damages for causing the death of the deceased by its negligence in not providing reasonably safe brake appliances on one of the cars on which he was discharging the duties of brakeman.

The case was tried by jury and resulted in a verdict and judgment against appellant for $3,500 damages. Appellant prosecutes this appeal to reverse that judgment on the grounds that the court admitted improper evidence; gave improper instructions; the verdict is contrary to the evidence, and the damages are excessive.

The negligence charged in the declaration is that appellant negligently and carelessly failed to have a certain car of one of its trains upon which the deceased was employed as a brakeman, "equipped with safe and suitable brake appliances in this: that the brake staff, which extended about three and one-half feet above the deck of the said car, the same then and there being a flat car, was secured to the end sill thereof by a defective casting, which broke by reason of its defects; and was not supplied with a certain iron through which the said brake staff should have passed in order to prevent the said brake staff from falling over in case said casting might break, and precipitating the brakeman to the ground." And the declaration charges " that by reason of the failure to provide said carrier' iron on said car, the same was then and there defective in construction and unsafe, and by means of said defective casting to hold said brake staff to the end sill and of the defective construction of said car in failing to supply the said carrier iron, the injury and death of the said William H. Shrigley was occasioned," and that appellant had notice of all of said defects, or by the exercise of due care and diligence could have known thereof, while the same was unknown to the deceased.

St. Louis, P. &. N. Ry. Co. v. Dorsey.

Appellant pleaded not guilty, upon which issue was joined.

The appellee's decedent was a brakeman upon the construction train of appellant on February 10, 1898, when the locomotive of that train was "kicking" the caboose car and the tool car from the south end thereof to enable the locomotive and a flat car (with a water tank on it) which was attached to the tender of the locomotive, to go on a switch and get some cars there and place them in the train, between the tank and the tool car; at which time deceased was setting the brake on the end of the tank car farthest from the locomotive, when the brake staff which he was using broke loose from the car and the deceased together with the brake appliance fell to the ground, the tank car and locomotive running over and so badly wounding him that he died from the effects thereof. These facts are not disputed, and the evidence shows that owing to some defect the brake on the locomotive could not be worked by the engineer, so that the brake which deceased was setting had to be set hard in order to "kick" the tool and caboose cars from the train. While the casting that held the brake staff to the end sill of the car broke, yet it was apparently in good order and of the ordinary kind used for that purpose; but the weight of the evidence is, that the lower part, or end of the brake staff, had no "carrier iron," or other suitable and usual appliance to hold it securely to the tank car, and it is necessary for the lower end of the brake staff to be secured by such "carrier iron" or shoe, in order to relieve the casting which holds the staff to the sill above, from much of the strain upon it when the brake is set; and also to prevent the brake appliances from falling directly to the ground, and cause the brakeman to fall at the end, instead of the side of the car, if the casting should break upon the brake's being set.

The car inspector of appellant knew, before the car was sent from Springfield on the trip it was making when the accident occurred, how the brake staff was fastened to the tank car. Deceased was about thirty years old and left a widow surviving him, but no children.

It is contended by counsel for appellant that the court improperly allowed the witness Stevens to be asked as to the result of an examination of the brake appliances the next day after the accident. The record shows that Stevens was conductor of the train in question; saw the accident, picked up the brake appliances and its broken pieces immediately thereafter and threw them in the car; after which he took the dead body of the deceased to Pekin, where an inquest was held. The next morning Stevens returned to the car and made a close examination of the brake appliances and broken pieces, and found there was no brake "carrier iron" there then. The evidence shows that Hysler, appellant's car repairer, on the Friday before the accident, put a new carrier iron on the car in question to carry the draw-bar, upon which there was no brake "carrier iron." And about a week after the accident, Hysler examined the same brake appliances and broken pieces which Stevens had thrown in the car, and identified them as those he had put on the car the Friday before the accident. This testimony was properly admitted. J. S. E. Ry. Co. v. Southworth, 135 Ill. 250.

It is also contended by counsel for appellant that the court improperly permitted the witness Tobin to state that the brake on the engine was not in working order at the time of the accident. The evidence shows, that because of the brake on the engine not working, it was necessary for the brakeman to set the brake on the tank car hard, in order to successfully "kick" the car, as was being done when the accident happened. This testimony was proper as tending to show the care exercised by the deceased in setting the brake hard, which caused the casting to break.

We think the evidence supports the verdict, and upon examination of all the instructions given for appellee, of which appellant complains, we find them not open to the objections made, and on the whole, fair and proper. Neither do we think the damages assessed excessive. Finding no reversible error in this record we affirm the judgment of the Circuit Court in this case. Judgment affirmed.