WILLIAMS *v.* CITY OF LANSING.

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—PERSONAL INJURY—NOTICE OF CLAIM—DESIGNATION OF PLACE—SUFFICIENCY.

A notice of claim for injury upon a defective sidewalk which describes the place of the injury as a hole or loose plank upon the north side of S. street at a point, to wit, 125 feet west of W. avenue, adjacent to lots 5 and 6 of a certain block, is sufficient, it appearing that the injury occurred in front of one of such lots, though at a point 93 feet west of W. avenue.

2. SAME—DECLARATION—VARIANCE.

In an action against a city for injuries upon a defective sidewalk, a declaration describing the place of injury as a hole or loose plank upon the north side of S. street at a point, to wit, 125 feet west of W. avenue, adjacent to lots 5 and 6 of a certain block, is not variant from proof that the injury occurred as stated in front of one of the lots at a point 93 feet west of W. avenue.

3. SAME—PLEADING—AMENDMENT—MATTERS OF FORM.

Where, in an action for personal injuries on a defective side-

walk, the declaration inaccurately estimated the distance from a certain street to the place of injury, but defendant's testimony met plaintiff's case as completely as if the distance had been correctly estimated, the most that could be asked was that the declaration be amended to correctly state the distance, an amendment the failure to make which was a mere matter of form not entitling defendant to reversal. Section 10270, 3 Comp. Laws.

4. SAME — EVIDENCE — EXPERTS — CONDITION OF WALK — SUBSEQUENT OBSERVATIONS.

A witness of long experience with timber was properly permitted to testify that he examined the sidewalk in question when it was taken up about six months after the injury complained of, and that the stringers were badly rotted and had not been suitable to hold a nail for a year or more.

5. SAME—SUBSEQUENT OBSERVATIONS—ADMISSIBILITY.

A witness was properly allowed to point out other defects in the walk in the immediate vicinity, observed by him within a week or two after plaintiff's injury, as bearing on the question of proper inspection by the city, it appearing that no change had been made between the time of the injury and the witness' observations.

6. SAME—CONDITION OF WALK.

The owner of the premises in front of which the injury occurred having testified that he repaired the walk in front of his premises before the date of the injury, it was proper to show by him that at the time and before he made the repairs the walk was in bad condition between his house and a point beyond where the injury occurred, the jury not being obliged to find from his testimony that he properly repaired the walk.

7. SAME— EVIDENCE — SIMULATION OF LAMENESS—ADMISSIBILITY.

Evidence that plaintiff in a personal injury case simulated lameness is immaterial where there is no claim that the injury produced lameness.

8. SAVING QUESTIONS FOR REVIEW—ADMISSIBILITY OF EVIDENCE. —GROUND NOT ADVANCED BELOW.

Whether certain stricken testimony should have been allowed to stand because bearing upon plaintiff's credibility will not be decided where the proposition is not obvious and was not made before nor apprehended by the trial court.

9. TRIAL—INSTRUCTIONS—REQUESTS—PROPRIETY OF GIVING.

A trial judge may properly decline to give a requested charge which includes an erroneous proposition, and does not commit error in failing to rewrite the request in proper language.

10. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—PERSONAL
    INJURIES—INSTRUCTIONS.

    Where there is nothing in the record justifying the inference
    that the sidewalk upon which an injury occurred was seldom
    used or that it was in an unfrequented part of the city, a re-
    quested instruction directing the jury to consider whether it
    was so situated in determining whether it was reasonably safe
    and fit for travel was properly refused.

Error to Ingham; Wiest, J.   Submitted February 25,
1908.   (Docket No. 62.)   Decided March 31, 1908.

Case by Flora M. Williams against the city of Lansing
for personal injuries.   There was judgment for plaintiff,
and defendant brings error.   Affirmed.

*O. J. Hood* (*L. B. Gardner*, of counsel), for appel-
lant.

*Frank L. Dodge* (*Black, Reasoner & Hayden*, of
counsel), for appellee.

CARPENTER, J.   It is the claim of plaintiff that while
walking on the north side of Saginaw street in front of
the third lot west of Wisconsin avenue on the evening of
February 24, 1906, she was injured because the side-
walk at that point was out of repair through the negli-
gence of defendant.   She brought this suit to recover
compensation.   It was tried in the lower court before a
jury and she there recovered a verdict and judgment.
Defendant seeks a reversal of this judgment upon many
grounds, which we proceed to discuss.

1. Place of plaintiff's injury.   In the preliminary no-
tice served by plaintiff upon defendant she states she was
injured—

    "While passing over the sidewalk on the north side of
Saginaw street west   *   *   *   when she was at a point,
to wit, 125 feet west of Wisconsin avenue,   *   *   *   and
while passing over that part of the sidewalk adjacent to
*   *   *   lot 5 and 6, Englewood Park addition to the
city of Lansing,   *   *   *   and while in the exercise of

due care * * * stepped into a hole or tripped on a loose plank in said walk and fell; that said walk, including especially that portion of said walk adjacent to the premises above described, was badly out of repair; certain boards therein were loose and broken, and the walk was uneven and the stringers thereunder more or less rotted out and broken off."

Substantially the same statement is made in the third count of plaintiff's declaration. The suit was tried twice in the circuit court. It appears that on the first trial, as well as on this trial, the place of the injury was located by plaintiff's testimony about 15 feet east of the house of one John E. Fields, who resides on lot 6 above mentioned. No objection was made to the introduction of this testimony. But after plaintiff had rested defendant introduced testimony tending to prove that the point where the injury occurred instead of being 125 feet west of Wisconsin avenue was in fact 93 feet. It appears that this distance was not measured by defendant until after the most of plaintiff's testimony had been introduced on this trial. At the conclusion of the trial defendant insisted that this variance between the proof and the statement in the notice and declaration was fatal. It is not to be inferred from the notice and declaration that the place of injury was precisely 125 feet west of Wisconsin avenue. The notice was not so understood by defendant's officers. After its receipt they made a careful examination and that examination covered all the sidewalk from Wisconsin avenue to a point more than 125 feet distant therefrom. The notice properly construed means that at a place on said walk where this hole or loose plank was found, somewhere in front of lot 5 or 6 at a distance estimated to be 125 feet west of Wisconsin avenue, plaintiff was injured. Her injury did occur at that place. It transpires however that its distance from Wisconsin avenue was 93 feet instead of 125 feet. This estimated distance, as above stated, was not intended to be precise. It did not mislead. The notice was sufficient, under repeated decisions of this court. See *Brown* v. *City of Owosso*, 126

Mich. 91; *Wheeler* v. *City of Detroit,* 127 Mich. 329; *Tattan* v. *City of Detroit,* 128 Mich. 650; and *Barribeau* v. *City of Detroit,* 147 Mich. 119. The contention that there was a variance between the declaration and the testimony is also untenable. The description of the location of the place of injury in the declaration—especially in the third count of the declaration—is open to the same construction as that above given to the description and the notice. So construed, there ·is no variance between the declaration and the testimony. Moreover, it should be said that defendant was not in any way prejudiced by the inaccurate estimate of the distance. Its testimony met plaintiff's case as completely as if the declaration had estimated the distance to be 93 feet instead of 125 feet. Under these circumstances, the most that could be asked was that the declaration be amended by correctly stating the distance. We can say of this as we said in *Miller* v. *Supply Co.,* 150 Mich. 292:

"The failure to make that amendment was a mere matter of form which, under section 10270, 3 Comp. Laws, does not entitle defendant to a reversal of the judgment."

2. Rulings relative to the admission of testimony.

*a.* A witness for the plaintiff having had a long experience with timber observed the walk in question when it was taken up about six months after plaintiff's injury. He was permitted to testify that the stringers were badly rotted and to express his opinion that "they were not suitable to hold a nail for a year or more." It is contended that this testimony should not have been received; that because the timber was rotted at the time it was observed by the witness it may not be inferred that it was in bad condition at the time of plaintiff's injury six months earlier. To this we do not agree. From the opinion testimony of the witness that the stringers had not been suitable to hold a nail for a year or more (and it was proper for him to testify to that opinion, *Blank* v. *Township of Livonia,* 79 Mich. 1), that inference could be drawn. The testimony was therefore properly admitted.

*b.* One Peter J. O'Malley, a witness for plaintiff, was permitted to point out defects in the walk at the place where plaintiff was injured, and in that immediate vicinity, observed by him a week or two after plaintiff's injury. The trial court stated:

"This testimony is admitted upon the understanding that it will be shown to your satisfaction that there was no change made in the walk; no repairs made in the walk from the time of the accident on the 24th day of February until the time witness is now saying he made the examination, and this testimony * * * being directed to another place than where it is claimed the plaintiff fell is only admitted for the purpose * * * of showing that if the city had inspected its walks within a reasonable time, it would have discovered that condition."

The testimony warrants the inference, if it does not conclusively prove, that no change had been made in the walk from the time of plaintiff's injury to the time of the observation of the witness, and the testimony was properly admitted for the reasons above stated. The objection that the witness was permitted to describe other defects than the one which occasioned plaintiff's injury is answered by *Campbell* v. *City of Kalamazoo*, 80 Mich. 655. The objection that the observation was made after the injury is answered by *Langworthy* v. *Township of Green*, 88 Mich. 207.

*c.* John E. Fields, the owner of the property adjacent to which plaintiff was injured, was a witness for the defendant. He testified to repairing the walk in question in front of his premises the latter part of November or the first of December, 1905. On cross-examination plaintiff was permitted to prove by him that at the time and before the time he made the repairs the walk was in bad condition between his house and Wisconsin avenue. It is now contended that this testimony was improperly admitted. The contention rests in part upon grounds already discussed and disapproved. It also rests in part upon the assumption that the jury were bound to find from Mr.

Fields' testimony that at the time testified to by him he properly repaired the walk in question. This assumption is erroneous. Notwithstanding Mr. Fields' testimony, the jury might have found from all the testimony in this case that he never properly repaired the walk in question. There was therefore no error in the ruling under consideration.

*d.* Complaint is made because the trial court struck out certain testimony introduced by defendant tending to prove that plaintiff before the last trial simulated lameness. This ruling rested upon the ground that no claim had been made on the part of the plaintiff at either of the trials in the circuit court that the injury complained of occasioned any lameness. This ruling was made after listening to the argument of defendant's counsel. The ground upon which he contended the testimony to be admissible was that there was in effect a claim on the part of plaintiff that the injury did occasion her lameness. In this we are bound to say he was in error, and the trial court was right. It is now contended that even if there was no claim that the injury occasioned lameness, the testimony was none the less admissible; that it had a tendency to affect plaintiff's credibility, the same as if she had endeavored to induce witnesses to stay away from court. Whether this argument is sound or not we shall not undertake to decide. For that involves the determination of a proposition that is by no means obvious, and one that was not made before nor apprehended by the trial court. It is now too late to raise the point. *Rogers* v. *Detroit Savings Bank*, 146 Mich. 639.

Many other rulings admitting and excluding testimony are complained of. They have been carefully examined and considered. Some of the rulings complained of were apparently made in its favor. Of the others it may be said either that they were clearly non-prejudicial or that they were correct and in accordance with elementary principles of evidence. None of them merit discussion.

3. Requests to charge. Defendant alleges error because the trial court did not charge the jury as requested:

" In determining whether such walk was reasonably safe and fit for travel, you have a right to consider the location of the walk; whether in a greatly frequented part of the city or a less traveled place."

The language above quoted was part of a request proffered by defendant which in effect stated to the jury that plaintiff could not recover unless the alleged injury happened "substantially 125 feet west of Wisconsin avenue." This latter part of the request was, as stated in the former part of our opinion, erroneous, and, therefore, the trial court could not give the request under consideration. Nor has the defendant a right to assign error because the trial judge did not rewrite the request in proper language. Moreover, it may be said that defendant was not prejudiced by the refusal to give a request of this nature. It is not to be inferred from the record that this sidewalk was seldom used or that it was in an unfrequented part of the city.

4. New trial. The verdict and judgment was for the amount of $1,500. It is contended that this verdict was opposed to the weight of the testimony and is excessive. We content ourselves with saying that we think otherwise.

The judgment is affirmed.

GRANT, C. J., and HOOKER, MOORE, and McALVAY, JJ., concurred.