LONG *v.* TOWNSHIP OF WEARE.

1. EVIDENCE—CONDITION OF ROAD—WITNESSES.

A witness who testified that he had been over a road on the day of an accident thereon, and had traveled it almost daily thereafter, and that the condition of the road was the same after as on the day of the accident, was competent to testify as to what that condition was.

2. APPEAL AND ERROR — HARMLESS ERROR — LEADING QUESTION — CONCLUSION OF WITNESS.

In an action against a township to recover damages for personal injuries sustained while driving over a public road, where a witness was asked whether a certain end of the road was closed from public travel on that day, an answer that it was not, admitted over objection that the question was leading and called for a conclusion, was not reversible error, where the witness, further testifying, described the conditions, that there was no barrier, that he traveled there, and that the track remained the same.[1]

3. MUNICIPAL CORPORATIONS—HIGHWAYS AND STREETS—PERSONAL INJURIES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

In an action to recover damages against a township for personal injuries sustained while plaintiff was driving over a public road, where it appeared that plaintiff was traveling over the center track of the road which was perfectly safe, and left it for another track so as to get to his home to dinner, such an emergency was not presented as to relieve plaintiff from a charge of contributory negligence for an injury incurred by reason of so leaving the center track.

4. SAME—CLOSED HIGHWAY—NOTICE—BARRIERS.

Although a barrier across a highway is one and may be the best or most usual means of giving notice that the highway is closed, it is not the exclusive means, and it is sufficient if the public by other means equally efficient receives notice that a highway is closed.

5. SAME—TRIAL—INSTRUCTIONS—NOTICE—BARRIER.

In an action to recover damages against a township for

[1] On liability of township for defects in highway, see notes in 13 L. R. A. (N. S.) 1219; 32 L. R. A. (N. S.) 1090.

personal injuries sustained by plaintiff while driving over a public road, an instruction that a barrier across a road closed from travel is not a positive requirement but that other notice of such closing may be given, as by the situation of the road, was not prejudicial to plaintiff where he claimed to have received other notice to leave the part of the road on which he was driving.

6. TRIAL—JURY—INSTRUCTIONS—REFUSAL TO REPEAT CHARGE—APPEAL AND ERROR.

Where the subject-matter inquired of by a juror for further instruction was already fully covered by the charge, refusal to re-read or repeat the charge was not error.

Error to Oceana; Sullivan, J. Submitted January 18, 1917. (Docket No. 6.) Decided April 9, 1917.

Case by Eli Long against the township of Weare for personal injuries. Judgment for defendant. Plaintiff brings error. Affirmed

*Hall & Greene,* for appellant.

*Earl C. Pugsley (Frank E. Wetmore,* of counsel), for appellee.

FELLOWS, J. The defendant township in the summer of 1914 commenced the building of a State reward road on one of its highways running east and west. Before the work on the road was commenced there were three tracks, the one in the center having a clay top, the one on each side being sandy. The grading commenced the last of July for a road 15 feet wide, a dirt shoulder being constructed on each side of the graded portion of the center road from 1½ to 2½ feet high. Plaintiff and his grandson had traversed the road for several consecutive days prior to the accident. On August 3d they were returning from their work about half past 5 or 6 o'clock in a buggy drawn by a gentle horse, the grandson driving. They came from the east. At the east end of the improvement the work

had then been commenced and a barrier had been placed across the center track. It was there in the morning when they went down, and they had previously seen it. They took the south track, and had gone but a short distance when they were overtaken by an automobile which desired to pass. It is the plaintiff's claim that there was no place to turn out except to get up on the center track, and he did so, returning to the south track as soon as the automobile had passed, that they soon overtook the automobile, which was stalled in the sand, and were obliged to and did again get up on the center track. They then traveled along this track for some distance until near the west end of the improvement which, plaintiff claims, was closed by a barrier, when they saw wagon tracks leading down to the south road; they there turned down to get back into that road; that the place appeared safe, sound, and solid and to all appearances seemed free from danger; that the grade here was about 2½ feet high; that in going down the left wheel of the buggy gave way in the loose sand, the buggy tipped over, throwing plaintiff out, causing a fracture of the ankle and other serious injuries. He claims that the township did not maintain the highway in a reasonably safe condition for public travel; that there were no places where a traveler could turn out except by going onto the center track; that where he saw the wagon tracks leading down to the south road was a traveled part of the highway, and was not constructed or maintained in a reasonably safe manner or condition; that he and his grandson were free from negligence contributing to the injury.

Defendant gave testimony that there were places along the south track where plaintiff could have turned out without going on the center track; that there was no barrier across the west end of the center track so that plaintiff and his grandson could have continued in

safety on that track, and defendant insisted that it was free from negligence, and that plaintiff and the driver were guilty of contributory negligence. The case was submitted to the jury on a charge quite favorable to plaintiff, and a verdict for defendant rendered. We shall consider the assignments of error relied upon in their order.

The defendant called as a witness Isaac Jockett, who testified that he was over this road the day of the accident and testified to its condition. He testified that a party could turn out along the way, and he had frequently done so. Objection being made that his testimony covered a time subsequent to the accident, he was asked, and, over objection, answered that the conditions there were the same as on the day of the accident, and then testified to what these conditions were. It is insisted that this testimony was incompetent under the holdings of this court in *McGrail* v. *City of Kalamazoo*, 94 Mich. 52 (53 N. W. 955); *Branch* v. *Klatt*, 173 Mich. 31 (138 N. W. 263); and similar cases. These cases hold that it is not competent to prove the happening of an accident subsequent to the one complained of. The testimony in the instant case had no reference to the happening of an accident, but related solely to the condition of the road which the witness said continued the same as on the day of the accident.

The witness having been over the road on the day of the accident and having traveled it almost daily after that, and having testified that the condition was the same after as at the time of the accident, it was competent for him to testify what that condition was. *Langworthy* v. *Township of Green*, 88 Mich. 207 (50 N. W. 130); *Williams* v. *City of Lansing*, 152 Mich. 169 (115 N. W. 961); *Fuller* v. *City of Jackson*, 92 Mich. 197 (52 N. W. 1075); *Arndt* v. *Bourke*, 120 Mich. 263 (79 N. W. 190).

The following question was asked the witness James Wright: "Was the west end of that road closed from public travel on that day?" It was objected to as leading and calling for a conclusion; the objection being overruled the witness answered, "No, sir." The witness, in addition to this answer, described the conditions; that there had been no barriers put up; that he traveled along there; that the old track remained the same. Under these circumstances admission of the answer did not constitute reversible error. The plaintiff requested the court to charge the jury as follows:

"I charge you that if you find that the plaintiff was compelled to get upon the stone road by reason of the failure of defendant to keep the highway reasonably fit for travel and in a reasonably safe condition, then the plaintiff was placed in this position by reason of the negligence of defendant. The plaintiff being placed in a dangerous situation, to escape which he voluntarily incurs another danger, the defendant is liable, although the plaintiff may not, in the emergency, have pursued the course which ordinary prudence would have dictated."

This court has frequently held that where a party has been placed in imminent danger through the negligence of the defendant, and in the emergency chooses the course which reasonable prudence might not dictate, he is not chargeable with contributory negligence. But there was in the instant case no imminent danger, no sudden emergency, no occasion for quick thought or action.

When the plaintiff was traveling along the center track he was in a place of perfect safety; his concern, as he testifies, was to get home to supper. We are constrained to hold that this did not create such an emergency as justifies the invocation of the rule contended for. The language of the court in *Harris* v. *Township of Clinton*, 64 Mich. 447 (31 N. W. 425, 8 Am. St. Rep. 842), the case cited by plaintiff, is in point:

"Emergencies may sometimes be given in evidence, and will justify what otherwise would be considered a rash and indefensible act; such as those of an engineer of a train of cars standing at his post in the endeavor to save the lives of the passengers or others when a collision is imminent, of a person rushing in front of an engine to save the life of a child, of a person placing himself in a position of danger to save the life of another (citing cases). But mere illness in a family which does not hinder a person from the prosecution of his ordinary business, or prevent him from leaving home to perform the ordinary duties of a constable, as was this case, cannnot be considered as a circumstance attending the transaction which the jury would be authorized to consider in determining whether he acted as a prudent man would in attempting to cross, or in crossing, the stream in question."

The jury several times returned to the court for further instructions. On one of these occasions, in response to a question from a juror, the court gave instructions with reference to the necessity of the erection of a barrier across the road. It will not be necessary to quote all that was said on the subject, as the following excerpts show the view of the court to which exception is taken:

"I say if the situation there indicates that a road is shut up and not open to travel in any other manner than a barrier, that is sufficient to shut the road up. There is no law that positively requires a barrier. * * * If it appears that the road was shut up so that the people would understand that it was closed to public travel and the public generally would understand from the situation of the road that was being improved there, in relation to the other end and that end, and what was doing, that that part of the road was not open to public travel, that would be sufficient to indicate that it was closed."

The erection of a barrier across a street is one of the means used to give notice to the public that the street is closed, but it is not the exclusive means; if the public by other means equally efficient receives

notice that the street is closed, it is sufficient; a barrier may be the best or most usual way to give that notice, but it is not the only way.

But the plaintiff was in no way harmed by this instruction. The importance, and the only importance of the question of the barrier as the case was submitted to the jury, lay in the claim of the plaintiff that one of his reasons for leaving the center track where he would have been safe and going to the place where he received his injuries was the presence of a barrier across the road at the west end, his other reason was that the highway commissioner was there and made a motion with some brush. The defendant denied the existence of a barrier at that end of the improvement, and insisted that plaintiff should have continued his journey on the center track. The instruction of the court, therefore, amounted to a statement that a barrier was not necessary to give plaintiff notice to get off that part of the road, but that if he had other notice it was sufficient. Surely plaintiff cannot complain.

On one of the occasions when the jury returned for further instructions the court apparently felt that he was being called upon to pass upon a question within the domain of the facts, and quite curtly declined so to do. Error is assigned on this. The court had very fully covered the questions in the case in his charge, and the charge as given had covered the subject-matter inquired about by the juror; he had quite fully instructed them when they had returned for further instructions before. While he might have had the charge read to the jury again, or repeated what he had said on former occasions, it was not error to decline so to do.

The balance of the assignments of error relied upon relate to the refusal to charge and the charge as given. The requests discussed were given in substance. We

have considered the charge with care, and find no error in it to the prejudice of the plaintiff; it was on the whole quite favorable to the plaintiff and fully protected his rights.

The judgment is affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE and BROOKE, JJ., concurred.  MOORE, J., did not sit.