## HALLIBURTON-ABBOTT CO. et al. v. GRANBERRY.

No. 26588.    March 9, 1937.

Rehearing Denied April 6, 1937.

Geo. S. Ramsey, Villard Martin, and Garrett Logan, for plaintiffs in error.

John M. Goldesberry and Gerald B. Klein, for defendant in error.

CORN, J. This is an appeal from the district court of Tulsa county from a judgment rendered on the verdict of a jury in favor of Ida Granberry, plaintiff, for personal injuries alleged to have been sustained by falling on account of a defective step in the stairway of defendants' store. The parties will hereafter be referred to as they appeared in the trial court, reverse to the order herein.

The main contentions of the defendants are that they are not liable for injuries due to defects in the premises of which they had no notice actual or constructive, and there is no competent evidence in the record that the alleged defect had existed for a sufficient time prior to plaintiff's fall to charge defendants with notice.

Mr. Fleming and Mr. Hermon testified that the step was cracked and defective and in their opinion had been in that condition a considerable time prior to the accident.

Mr. Hermon also testified that the bolt was gone from the center part of the riser; that he watched it from below and when it was stepped on it would spring down; that it had caused a wearing there; that it had worn the steel at the front of the main bottom tread; that it had worn it quite a bit from the constant use of going down; that he could tell where the tread was broken and where it had taken off all the rough edges, sharp edges similar to those of a broken stone were worn off, and one could readily see that it had been in that condition for some time; that in his opinion the length of time that the tread had been broken was six months or more; and that it would take a good many thousand times for that step being stepped on to wear the rough off the riser as much as it had.

Mary Granberry, who was with her mother ascending the steps on the day of the accident, testified in part as follows:

"Well, there was a broken step there * * *

I imagine it was broken about two or three times; it just looked like it was."

Mrs. Blanche Stykes testified that it was broken in two places; that she saw it about 2 p. m., about an hour and a half after the accident; and the fact that the step was defective is further established by the testimony of the plaintiff, who testified that when she stepped on this particular step it gave and caused her to fall, which is in keeping with the fact that the step was broken and that it had a spring in it.

There is a sharp conflict in the testimony of the witnesses for the defendants, yet one R. Y. Beasley, who was the defendants' chief engineer, and whose duty it was, among other things, to check stairways for defects, testified that he examined the stairway on the day of the accident, and stated in substance that he could not see a thing in the world wrong. But on cross-examination he was specifically asked if he inspected the steps on that particular day:

"Q. Was there any step cracked there? A. Well, I won't say there was or there wasn't. I don't know whether there was a crack at that time."

It can thus be seen from this witness's testimony that he neither affirms nor denies the break in the step on the day in question.

The testimony of plaintiff's witnesses was competent and admissible to show the condition of the step in question a short time after the accident, and it fairly indicates the condition of the step when the accident occurred. Particularly so when it is shown that one witness saw the step on that day and testified that it was broken. This court has held that this evidence is admissible and sets forth this principle in the case of English v. Thomas, 48 Okla. 247, 250, 149 P. 906, 907, wherein it was held:

"Proof of the condition of the railing at about the time of the injury is competent, even though the most satisfactory evidence of the condition of the railing is at the moment immediately preceding the accident, but, if such evidence is unobtainable, it is sufficient to show the condition within such a reasonable time as will, in the nature of the case, fairly tend to show its condition at the moment preceding the accident. Arndt v. Bourke, 120 Mich. 263, 79 N. W. 190; M., K. & T. Ry. Co. v. Williams, 103 Tex. 228, 125 S. W. 881; Joyce v. Black, 226 Pa. 408, 75 Atl. 602, 27 L. R. A. (N. S.) 863; Jacksonville, S. E. Ry. Co. v. Southworth, 135 Ill. 250, 25 N. E. 1093; City of Bloomington v. Osterle, 139 Ill. 120, 28 N. E. 1068; Hall v. City of Austin, 73 Minn. 134, 75 N. W. 1121; Stewart

**524**

et al. v. Everts, 76 Wis. 35, 44 N. W. 1092, 20 Am. St. Rep. 17."

In Joyce v. Black, 226 Pa. 408, 75 Atl. 602, witnesses were permitted to testify concerning conditions as they existed five months after the accident.

This principle was also set forth in the more recent case of Oklahoma City v. Stewart, 155 Okla. 37, 39, 8 P. (2d) 30, 32, as follows:

"It is claimed by defendant that the court erred in admitting the evidence of witnesses Anderson and White that they examined the covering to the water meter box the next day after the injury and found it too small to properly cover the box. The examination was made so shortly after the injury as to preclude the probability that there was any change in condition of the lid subsequent to the injury. Under these facts, the evidence was admissible. English v. Thomas, 48 Okla. 247, 149 P. 906, L. R. A. 1916F, 1110; Great Western Coal & Coke Co. v. Cunningham, 43 Okla. 417, 43 P. 26; Grossetti v. Sweasey, 176 Cal. 793, 169 P. 687."

We have made a thorough examination of the record and the briefs filed in this case, and are of the opinion that the plaintiff established sufficient proof on each essential element in said personal injury action to warrant the trial judge in submitting the cause to the jury, which he did under proper instruction. Where there is evidence reasonably tending to support the jury's verdict, this court will not substitute its judgment for that of the jury, and the determination of fact by the jury will not be disturbed on appeal.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, WELCH, and HURST, JJ., concur. GIBSON, J., not participating. RILEY and PHELPS, JJ., absent.