## GOODRICH v. CITY OF TULSA et al.

No. 13538—Opinion Filed May 7, 1924.

Rehearing Denied June 17, 1924.

(Syllabus.)

1. **Negligence—Contributory Negligence for Jury—Instructions.**

The very fact that the Constitution has declared the defense of contributory negligence or assumption of risk to be a question of fact to be found by the jury, necessarily implies that the court shall declare the law applicable to such fact, but it is error for the court to instruct a jury that any certain fact or state of facts or circumstances constitute contributory negligence.

2. **Same.**

Where such defense is interposed, the court should go no further than to substantially instruct the jury that if they believe, from all the evidence and from all the cir-

cumstances connected with the case, that the plaintiff by his own negligent acts has contributed to the proximate cause of the injuries in question, and thereby brought about such injuries, then as a matter of law he cannot recover.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by Harold B. Goodrich against the City of Tulsa and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

McGuire & Marshall, for plaintiff in error.

I. J. Underwood and Harry L. S. Halley, for defendant in error City of Tulsa.

HARRISON, J. This was an action by Harold B. Goodrich against the city of Tulsa, and the First Christian Church of Tulsa, for injuries alleged to have been received by the negligent stretching of a rope by defendants, more particularly the officers of the city of Tulsa, across one of the streets in Tulsa, to wit, Boulder avenue.

The defendant First Christian Church was eliminated from the action by the court below on the ground of lack of evidence of negligence on its part, and is eliminated here also, but made a party defendant in error, as plaintiff in error says in his brief, out of abundance of caution.

But this appeal is in fact from the judgment of the lower court in favor of the defendant city of Tulsa, and revolves around the following instruction, viz. instruction No. 6 of the trial court, which is as follows:

"You are instructed that there has been introduced in evidence an ordinance of the city of Tulsa with reference to the speed of cars at the intersection of streets; and, if you find from the evidence in this case that the plaintiff herein violated said ordinance, and that his violation thereof, or his failure to observe any of the provisions thereof, either caused, or in any manner contributed to his injury, then he cannot recover in this case."

The foregoing instruction grew out of the following issues made by the peladings, to wit: Plaintiff, Goodrich, alleged that, without any fault or negligence on his part, he drove his automobile into a rope which was negligently stretched across the street, that he did not see the rope, and that there was no other warning or signal signifying that such street had been closed.

Defendant answered, admitting that the rope was stretched across the street, and that no other signal was given, but denying that any provision of the city ordinance required any further signal or warning, and alleging also that plaintiff, at the time he received his injuries, was driving at a rate of speed in violation of a city ordinance, and that plaintiff's injuries, if any, were due to his own violation of said city ordinance, by exceeding the speed limit of such ordinance, for that if plaintiff had been driving within the limit of speed prescribed by such ordinance, he could have seen such rope in time to have stopped his car and thereby saved himself of the injuries alleged to have been received. There was conflicting evidence as to the rate of speed at which plaintiff was driving, but such evidence is immaterial to a decision of the case as presented here, for the reason that, as heretofore stated, the judgment revolves around the correctness or incorrectness of the foregoing instruction.

Plaintiff in error contends that said instruction invades the true province of the jury in such questions, in that it is not in accord with section 6, art. 23, of the Constitution, which reads as follows:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

Were we personally called upon to give what we personally believe to be a correct interpretation of the foregoing provision of the Constitution, we would say that the defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury.

While in our opinion the framers of the Constitution have declared a pure question of law to be a question of fact, yet it has so declared, and the sovereignty of the state has adopted such provision and we know no words by which the intention could be made plainer than by the words used in the foregoing provision. There are no ambiguities in said provision, and in our opinion the intention of the framers thereof could not be made plainer by English words. Yet the very fact that the Constitution has declared the defense of contributory negligence or assumption of risk to be a question of fact, to be found by the jury, necessarily implies that the court under its duty should declare the law applicable to such fact. Such has been the declaration of this court in C., R. I. & P. R. Co. v. Duran, 38 Okla. 719, 134 Pac. 876; Osage Coal & Mining Co. v. Sperra, 42 Okla. 726, 142 Pac. 1040; St. L. & S. F. Ry. Co. v. Long, 41 Okla. 177, 137 Pac. 1156, Ann. Cas. 1915G, 432; St. L. & S. F. Ry. Co. v. Har, 45 Okla. 659, 146 Pac. 436. But as to what was held in Sweet v. Henderson, 72 Oklahoma, 178 Pac. 666,

and in numerous other cases, it is error for the court to instruct a jury that any certain fact or state of facts or circumstances constitute contributory negligence. It would be safer for the trial court, where the defense of assumption of risk or contributory negligence is made, to instruct the jury substantially, that if they believe from all the evidence and from all the circumstances connected with the case that plaintiff, by his own negligent acts, has contributed to the proximate cause of the injury in question, and thereby brought about such injury, then as a matter of law he cannot recover. But the foregoing instruction is not thus free of invasion of the province of the jury under the foregoing section of our Constitution, in that it might be taken as tending to limit the jury to certain facts or circumstances, and for the reasons herein given, the judgment should be reversed, and cause remanded for another trial, not inconsistent with the views herein expressed.

Reversed and remanded.

JOHNSON, C. J., and WARREN, LYDICK, and GORDON, JJ., concur.