## OKLAHOMA CITY v. STEWART.

No. 20748. Opinion Filed Feb. 9, 1932.

M. W. McKenzie and A. L. Hull, for plaintiff in error.

Abernathy & Howell, for defendant in error.

HEFNER, J. This is an action brought in the district court of Oklahoma county by Blanche Stewart against the city of Oklahoma City to recover damages to her person alleged to have occurred because of the negligence of defendant city. The trial was to a jury and resulted in a verdict and judgment in favor of plaintiff for the sum of $1,392. Defendant offered no evidence, but, at the conclusion of plaintiff's evidence, moved the court for a directed verdict in its favor. The overruling of this motion is assigned as error.

It appears from the evidence that, prior to October 19, 1928, the city had installed and was maintaining, in connection with its water system, a water meter box in the parking adjoining the sidewalk at 117 East Fourth street, in front of the premises in which plaintiff resided; that the lid covering this water meter box was made of concrete and was an inch or inch and a half too small to properly cover the box, and that on the night of October 19, 1928, while alighting from an automobile, plaintiff stepped on the covering which, because of the loose fitting of the lid, turned and caused her to fall into the box, thereby sustaining severe injuries to her back, hip, knee, and ankle. There is no dispute as to the injuries sustained by her, nor is it disputed that she fell into the meter box as alleged. It is the contention of defendant that the evidence is insufficient to show primary negligence in either installing or maintaining the meter box. The evidence is undisputed that the lid covering the box was too small and was easily misplaced. The city, however, claims that plaintiff failed to prove that it had notice, either actual or constructive, of the defective condition of the covering. There is evidence which tends to show that the meter box was installed sometime prior to 1920, and that it has been equipped with this defective covering since its installation. We think this evidence was sufficient to take the case to the jury on the question of notice to the city. It was not necessary for plaintiff to prove that the city had actual notice of the defective condition of the water box in order that she might recover. It was sufficient in this respect when she established the defective condition thereof for such a period of time that the city, by the use of ordinary care, should have discovered its defective condition.

In the case of Cushing v. Bowdlear, 74 Okla. 138, 117 P. 561, the following rule is announced:

"It is not necessary that a city have actual notice of the condition of its streets. It is sufficient that the defective condition of the street had existed for such a period of time that the city, by the use of ordinary care, could have discovered the same."

In the case of City of Tulsa v. Whittenhall, 140 Okla. 160, 282 P. 322, it is said:

"Where plaintiff was injured by reason of falling into a sewer catch basin in one of the city's public streets, and brings an action for damages in the courts, and bases negligence of the city on its failing to provide a proper covering over the catch basin; and where the evidence showed that whatever defect there existed was an initial defect, and necessarily known to the city at the time it was placed there, held, that no further notice of the defect was necessary, and that the evidence which was introduced disclosing that a similar accident happened at the same place under similar circumstances, four years prior thereto, although such evidence may have failed to come within the rule for establishing notice, it was admissible on other grounds, and the defendant cannot complain of its introduction."

Under the rule announced by these authorities, it was for the jury to determine whether the defective condition of the covering to the water meter box existed for such a period of time as to charge defendant with knowledge thereof.

These cases also dispose of the claim of defendant that plaintiff cannot recover because the defect in the covering to the meter box was a latent defect, and that it could not, therefore, be charged with notice thereof.

Defendant urges that the injury occurred in the parking and not upon the streets or sidewalks of the city; and that it did

**not** owe the plaintiff so high a duty, in keeping the same clear from defects and obstructions, as it does with reference to its streets and sidewalks. This question was decided against defendant's contention in the case of City of Picher v. Barrett, 120 Okla. 66, 249 P. 740. In that case plaintiff was injured by falling into an open meter box in the parking immediately in front of her home. The court, in applying the rule of ordinary diligence, said:

"The duty of a municipal corporation to maintain its sidewalks and streets in a reasonably safe condition for use by the public, and to exercise ordinary care in its inspection of its sidewalks for places of danger, is not confined within the exact lines followed by the public in passing over the sidewalks. It is the duty of the municipal corporation to protect the public in the use of its sidewalks from dangers near or within close proximity to the sidewalk."

It was, therefore, necessary that plaintiff only show that defendant was guilty of ordinary negligence in order to justify a recovery.

It is claimed by defendant that the court erred in admitting the evidence of witnesses Anderson and White, that they examined the covering to the water meter box the next day after the injury and found it too small to properly cover the box. The examination was made so shortly after the injury as to preclude the probability that there was any change in condition of the lid subsequent to the injury. Under these facts, the evidence was admissible. English v. Thomas, 48 Okla. 247, 149 P. 906; Great Western Coal Co. v. Cunningham, 43 Okla. 417, 143 P. 26; Grossetti v. Sweasey (Cal.) 169 P. 687.

Defendant also urges that the court erred in refusing certain requested instructions offered by it. The instructions objected to are not in the brief as required by the rules of this court. We are not, therefore, required to consider them. We have, however, examined these instructions and are of the opinion that the court committed no error in refusing the same.

Defendant contends that the court also erred in admitting evidence that defendant placed a new covering over the water meter box subsequent to the injury. This evidence was not offered by plaintiff. It was introduced on cross-examination of plaintiff's witness by defendant. Defendant cannot, therefore, urge, in this court, that the evidence was erroneously admitted.

Defendant finally says that the court committed reversible error in remarks made by it in ruling upon objections to the introduction of evidence. This alleged misconduct of the court was not assigned as a ground for new trial by defendant in its motion for new trial, nor is it assigned as error by it in its brief, and it is not necessary for us to consider it. We have, however, examined the record covering this question, and hold that the court committed no reversible error in this respect.

**Judgment is affirmed.**

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.

Note.—See under (1) annotation in 20 L. R. A. (N. S.) 730; 13 A. L. R. 44; 13 R. C. L. 337 et seq., 519, 520; R. C. L. Perm. Supp. pp. 3360, 3387; R. C. L. Pocket Part, title Highways, § 280. (3) annotation in 32 L. R. A. (N. S.) 1117; 10 R. C. L. 943; R. C. L. Perm. Supp. p. 2792.