## SOUTHWESTERN COTTON OIL CO. et al. v. SAWYER.

No. 23856. June 11, 1935.

Rehearing Denied Nov. 26, 1935.

Abernathy & Howell, for plaintiffs in error.

Ames, Cochran, Ames & Monnet, for defendant in error.

PER CURIAM. Parties to this appeal appear in the lower court in reverse order, the plaintiffs in error appearing there as the defendants, and the defendant in error as the plaintiff. We will refer to the parties as they appear in the lower court.

This was an action instituted in the district court of Oklahoma county by R. E. Sawyer against the Southwestern Cotton Oil Company and W. H. Davis, in which the said R. E. Sawyer sought to recover damages against the defendants as the result of an automobile accident which occurred near Lexington, Okla., on May 21, 1929. The issues were made up by appropriate pleadings and the case came on for trial. The defense of the defendants consisted of a general denial, which included denial on their part that there was any primary negligence, or in fact any negligence on the part of the defendants, and the further defense of contributory negligence on the part of the plaintiff.

There was a jury trial in said cause, resulting in a verdict for the defendants and against the plaintiff. The plaintiff filed a motion for a new trial, which was sustained by the trial court upon the theory that the court erred in giving the jury instruction No. 20. The order sustaining the motion for a new trial states that the motion is sustained upon one ground and one ground only, to wit: Error committed by the court involving a pure and unmixed question of law in the giving to the jury of instruction No. 20.

The defendants appeal from the order of the trial court sustaining the motion for new trial, and the cause is now lodged in this court for review.

Defendants rely for reversal on the following specifications of error, to wit:

(1) Said court erred in sustaining the motion for new trial filed by defendant in error, after the jury had returned a verdict in favor of the plaintiffs in error.

(2) Said court erred in refusing to render a judgment in favor of the plaintiffs in error after the jury had returned a verdict in favor of plaintiffs in error.

(3) Said court erred in setting aside and vacating the verdict of the jury returned, received, and filed in favor of the plaintiffs in error.

These specifications of error all are directed to one point, and that is that the court erred in sustaining the motion of the plaintiff for a new trial upon a pure unmixed question of law.

This brings us to a determination of the only issue in this case, namely, Was the giving of instruction No. 20 by the trial court error, and, if so, was it cured by the giving of the other instructions so that on the whole the jury was not misled?

This cause revolves around instruction No. 20, which is as follows:

"You are instructed that if you find from the evidence that the plaintiff while riding in the Ford driven by Dr. Fuston failed to attempt to get Dr. Fuston to stop said Ford while the same was running in a ditch by the side of the paved road, and if you further find that the injuries of which the plaintiff complains are the proximate result of the failure of the said Dr. Fuston to stop said car and if you find the same could have been stopped but that he ran said car in the ditch and caused the same to turn over and that the action of the said Dr. Fuston was the proximate cause of said accident and injuries, then your verdict in this case should be for the defendant."

"Given and exception allowed plaintiff. Hal Johnson, Judge."

Article 23, sec. 6, of the Constitution provides:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall at all times be left to the jury."

There is in this case much conflicting evidence, but the evidence is immaterial to a decision of the case as presented here, for the reason that, as heretofore stated, the judgment revolves around the correctness of the foregoing instruction.

In construing that section of the Constitution, this court has repeatedly held that it is error for the court to instruct that, if the jury finds certain facts, the plaintiff is guilty of contributory negligence, or to instruct that if the jury finds certain facts, the verdict shall be for the defendant.

One of the early cases on this question is Pioneer Hardwood Co. v. Thompson, 49 Okla. 502, 153 P. 137, in which an instruction in all similar respects to instruction No. 20 was requested by the defendants. The law as stated in the requested instruction was supported by authorities from numerous states, but this court, after quoting section 6, article 23, of the Constitution, said:

"Which means that in this jurisdiction, contributory negligence is no longer to be drawn by the court as a conclusion of law from the facts found, but is in all cases a conclusion of fact to be drawn by the jury. In other words, the court has no right to tell the jury that if they believe from the evidence certain facts exist that such facts, as a matter of law, constitute contributory negligence and that they should so find. But it is the duty of the court to also leave to the jury the right to draw the ultimate conclusion from the facts if found whether or not contributory negligence exists as a matter of fact. As the instruction requested the court to draw such conclusion himself and not leave it to the jury, there was no error in refusing to give the charge."

In Wichita Falls & N. W. Ry. Co. v. Woodman, 64 Okla. 326, 168 P. 209, it was said:

"Complaint is made of the refusal of the court to give certain instructions requested by the defendant, submitting the defense of contributory negligence. The instructions tendered were properly refused. This defense, under the Constitution, is a question of fact for the jury, and the court should not invade the province of the jury by instructing them that a certain fact or circumstance, or a given set of facts or circumstances, do or do not constitute contributory negligence. The court should simply define the meaning of the term 'contributory negligence' as used in section 6, art. 23, Williams' Constitution, and leave it to the jury to say whether the plaintiff's negligence had or had not contributed to the injuries complained of. C., R. I. & P. R. R. Co. v. Duran, 38 Okla. 719, 134 P. 876; Osage Coal & Mining Co. v. Sperra, 42 Okla. 726, 142 P. 1040; St. L. & S. F. R. Co. v. Long, 41 Okla. 177, 137 P. 1156, Ann. Cas. 1915C, 432; St. L. & S. F. R. R. Co. v. Hart, 45 Okla. 659, 146 P. 436."

In Goodrich v. City of Tulsa, 102 Okla. 90, 227 P. 91, the first paragraph of the syllabus is as follows:

"The very fact that the Constitution has declared the defense of contributory negligence or assumption of risk to be a question of fact to be found by the jury, necessarily implies that the court should declare the law applicable to such fact, but it is error for the court to instruct a jury that any certain fact or state of facts or circumstances constitute contributory negligence."

In St. Louis-S. F. Ry. Co. v. Russell, 130 Okla. 237, 266 P. 763, the second paragraph of the syllabus is as follows:

"Under section 6, art. 23, Constitution of Oklahoma, the jury alone can determine whether such facts as they find to exist constitute contributory negligence, and it is not error for the trial court to refuse to instruct the jury that a certain state of facts, if found to be true, constitutes contributory negligence."

Quoting from the first syllabus of the case of St. Louis & S. F. Ry. Co. v. Elsing, 37 Okla. 333, 132 P. 483:

"Contributory negligence, in an action for damages on account of personal injuries, is a valid defense guaranteed, under our Constitution and laws, to every litigant, and is always a question of fact for the jury, and an instruction, which in effect deprives a party of the full benefit of such a defense, is erroneous."

And quoting from the syllabus (paragraph 3):

"Contributory negligence is the negligence of the plaintiff or of the person on account of whose death or injury the action is

brought, amounting to a want of ordinary care, and proximately contributing to bring about the injury; to constitute such negligence as will bar recovery of damages, two elements must in every case concur, viz.: First, a want of ordinary care on the part of plaintiff; second, a proximate connection between this want of ordinary care and the injury complained of. These questions are for the determination of the jury, and an instruction depriving a litigant of the full defense of contributory negligence is the deprivation of a substantial right and therefore error."

It is contended by the defendants that the giving of instruction No. 20 was not error and that instruction No. 20 when taken in conjunction with instruction No. 14 and instruction No. 21, could in no way mislead the jury, and that in considering the correctness or incorrectness of the instructions of the trial court they must be taken and considered as a whole. Instruction No. 14 given by the court is as follows:

"If you could find from the evidence in this case that Dr. Fuston was careless or negligent in any way at the time of the accident, nevertheless his carelessness or negligence, if any, cannot, under the law, be imputed or charged to Dr. R. S. Sawyer."

And instruction No. 21, which is as follows:

"You are instructed that it is the duty of a passenger to exercise a proper degree of care for his own safety; that is, such care as a reasonably prudent person would exercise under similar circumstances while riding with another. And if you find in this case that Dr. Sawyer as a passenger of one Dr. Fuston failed to exercise that degree of care prior to and at the time of the said accident and such failure in any degree contributed to the proximate cause of the accident, then, in that case, you will find for the defendant and against the plaintiff.

"Given & exception allowed Ptff. Hal Johnson, Judge."

In the case of Black v. Coleman et ux., 142 Okla. 195, 285 P. 983, the court said:

"Instructions of the court should be considered as a whole and in their entirety, and no particular paragraph thereof should be singled out and given an interpretation which some other paragraph shows was not intended to be placed upon it."

If, however, instruction No. 20 is inaccurate, incomplete, or misleading to the jury, we believe the better rule to be as said in Hines v. Dean, 96 Okla. 107, 220 P. 860, in which the third paragraph of the syllabus is as follows:

"Where instructions are inaccurate and incomplete, and the inaccuracy or incompleteness is cured by other instructions, and it is apparent the jury has not been misled, a case will not be reversed because of such inaccurate and incomplete instructions; but the jury is not supposed to know when the court correctly or incorrectly states the law, and it is prejudicial error for the court to give conflicting instructions to the jury where such conflicting instructions leave the jury to decide conflicting principles of law on material issues in the case."

To the same effect are Petroleum Iron Works Co. v. Bullington, 61 Okla. 311, 161 P. 538; Kansas City, M. & O. Railway Co. v. Roe, 50 Okla. 105, 150 P. 1035, and Payne v. McCormick Harvesting Machine Co., 11 Okla. 318, 66 P. 287.

As we view instruction No. 20, it violates the provisions of article 23, sec. 6, of the Constitution, and invades the province of the jury, and the giving of same constituted reversible error, and being such, it was the duty of the trial court to grant a new trial.

No one except the jurors themselves can say for a certainty what effect the instruction complained of had upon them in their deliberation. The force and effect of instruction No. 20 was a direction to the jury that, as a matter of law, the facts therein stated constituted contributory negligence, and that if they were found to exist, the verdict should be for the defendants.

"As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal." Trower v. Roberts, 17 Okla. 641, 89 P. 1113.

"The Supreme Court will not reverse the ruling of the trial court granting a new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial." Hogan v. Bailey, 27 Okla. 15, 110 P. 890; Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 P. 982; Chapman v. Mason, 30 Okla. 500, 120 P. 250; Linderman v. Nolan, 16 Okla. 352, 83 P. 796; Jacobs v. Perry, 29 Okla. 743, 119 P. 243.

Under the record it cannot be said that the trial court in granting a new trial erred in its view of some clear and unmixed question of law.

For the reasons stated, the judgment of the court below is affirmed.

The Supreme Court acknowledges the aid of Attorneys Wm. McFadyen, Sam L. Wilhite, and Grover C. Wamsley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McFadyen and approved by Mr. Wilhite and Mr. Wamsley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, WELCH, PHELPS, and GIBSON, JJ., concur