## OKLAHOMA CITY v. LUCKETT.

No. 25044. March 24, 1936.

Rehearing Denied May 19, 1936.

Harlan Deupree, P. E. Gumm, and Robert L. Berry. for plaintiff in error.

David Tant and Ralph J. May, for defendant in error.

PER CURIAM. This case was instituted in the district court of Oklahoma county, Okla., on the 15th day of April, 1932, by the defendant in error, Daisy Luckett, as plaintiff. against the plaintiff in error, city of Oklahoma City. as defendant, in which Daisy Luckett asked for judgment against the city of Oklahoma City for $25,000 for personal injuries, pain and suffering, and mental worry caused by the said Daisy Luckett falling in a manhole or catch basin on the property of the Oklahoma Railway Company in Oklahoma City, same being where the street crossed the right of way, and within the sidewalk provided for crossing said right of way.

The evidence in this case shows that on the first day of January, 1932, plaintiff below was a passenger on the railway company's car, going to her home on Classen boulevard, and said car stopped at Nineteenth street. In alighting from the streetcar, the lid of the manhole on the catch basin in some manner tilted and permitted the plaintiff below to fall into the catch basin and she sustained serious injuries by reason thereof.

The evidence further shows that she was immediately taken to the hospital and there cared for by the railway company for 13 or 14 days, was then returned to her home, and that after returning to her home, and on the 19th day of January, 1932, she made a full and complete settlement with the railway company for her injuries and executed a full and complete release as against the railway company.

We have read the record and briefs of both plaintiff and defendant in error, and find the facts as above stated.

It further appears from the evidence that the lid on the catch basin was in use prior to the injury complained of in this case, and was in use thereafter; that the only defect in the manhole was a slight break on the outer edge of the frame of the manhole, but, under the evidence, there seems to have been no defect in the part of the frame that held the lid of the catch basin, same being in the same condition in which it had been for months, possibly years prior to and subsequent to the time complained of in said petition.

It further appears that school children and shoppers of great number have passed over this particular catch basin in its condition on the date that the plaintiff complains of in this case, and as far as the record shows. no complaint has been made against the manhole or lid over the same, and that said manhole has been in continuous use and is in the original condition in which it was made, with the exception of a small break in the rim which did not in any way affect the use of same or render it any more dangerous than it was when it was first installed.

There is no evidence in this case that there was any defect in the lid of the catch basin or that the city had any notice of the same being in a defective condition. Before the plaintiff below would be entitled to recover in this case, it would be necessary for her to show that the said lid of the catch basin was in such a defective condition as to endanger persons using the sidewalk at this particular place, and that the city had knowledge thereof. or could have had such knowledge by the exercise of reasonable diligence.

The plaintiff in this case did not establish

any element of negligence on the part of the city, and at the close of all of the testimony offered on behalf of plaintiff, defendant below, plaintiff in error, demurred to the testimony, for the reason and upon the grounds that same was insufficient to constitute or make out a cause of action in favor of the said plaintiff and against defendant. The court overruled this demurrer, to which defendant excepted.

There are a number of assignments of error complained of by the plaintiff in error. We deem it unnecessary to notice or decide anything further, since we find that the court erred in overruling the demurrer to the evidence. The case will, therefore, necessarily have to be reversed.

There are many authorities cited by the plaintiff in error, but we deem it unnecessary to quote from any of said authorities other than one case which has been decided by this court during the pendency of this action. We refer to the case of Oklahoma City v. Banks, 175 Okla. 569, 53 P. (2d) 1120, in which this court said:

"Where a municipal corporation has the duty of keeping its sidewalks in repair, and an accident happens by reason of some slight defect from which damage was not reasonably to be expected, the city is not chargeable with negligence.

"When a defect in a sidewalk is so slight that no careful or prudent person would reasonably anticipate any danger from its existence. but still an accident happens which could have been guarded against by the exercise of ordinary care and foresight, the question of defendant's responsibility is one of law.

"Where plaintiff fails to show primary negligence or breach of duty on the part of the defendant, a demurrer to the evidence should be sustained."

In this case the plaintiff has entirely failed to show any primary act of negligence on the part of the city of Oklahoma City in maintaining its sidewalk and the lid to the catch basin located in said sidewalk. We cannot help but be of the opinion, and so hold under the authorities, that the condition of the sidewalk, as shown by the record and photograph, was not inherently dangerous to ordinary travel and traffic thereon, and there was no question properly to be presented to a jury, and for this reason we are of the opinion the court erred in failing to sustain a demurrer to the evidence.

The cause is therefore reversed and remanded to the district court of Oklahoma county, with instructions to dismiss said cause at the costs of the plaintiff.

The Supreme Court acknowledges the aid of Attorneys W. A. Chase, Grover Spillers and John M. Chick in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Chase and approved by Mr. Spillers and Mr. Chick, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.