CITY OF TULSA v. CAUDLE.

No. 30726. May 25, 1943.

Rehearing Denied Sept. 14, 1943.

*141 P. 2d 107.*

E. M. Gallaher, John W. McCune, Thos. I. Munroe, and C. Lawrence Elder, all of Tulsa, for plaintiff in error.

Hudson & Hudson, of Tulsa, for defendant in error.

PER CURIAM. This action was instituted by Sue Caudle, hereinafter referred to as plaintiff, against the City of Tulsa, hereinafter referred to as defendant, to recover damages sustained to her person as the result of a fall into a water meter box alleged to have been caused by the defendant's negligence in knowingly using a cover with a broken lock on said meter box. The answer of defendant was a general denial and plea of contributory negligence. Trial was had to a jury. Demurrer to evidence of plaintiff and motion of defendant for directed verdict at the close of the evidence were overruled. Defendant requested several instructions which were refused, but neither took nor saved any exceptions to the instructions which were given to the jury. The jury returned a verdict in favor of plaintiff and assessed her recovery at the sum of $2,250. The defendant appeals.

The fall and consequent injury and the amount of recovery allowed are not questioned here. The defendant contends that the evidence was insufficient to show the existence of any primary negligence or to show that the injury sustained by plaintiff was proximately caused by the defect in the cover to the water meter box, and that the court erred in refusing two requested instructions.

The evidence disclosed that defendant owned and operated the water meter box, which was located in a parkway in front of 114-120 West Latimer street in the city of Tulsa. Defendant admitted that the cover on said meter box had originally come equipped with a locking device which was designed to keep said cover in place, and that this locking device had been broken several years prior to the date plaintiff sustained her injury. The evidence further disclosed that plaintiff called at the above-named location on February 25,

1940, to visit a friend, and when she alighted from her car and went around upon the parkway that she observed the meter cover, and that it appeared to be in place and that she stepped upon it, when it tilted and threw her into the meter box with the resulting injury. The evidence further showed that a meter reader of the defendant had removed the cover and replaced it 13 days prior to the date plaintiff sustained her injury; that the meter reader testified that he had replaced the cover properly, and that when said cover was in its proper position it could be safely stepped upon even though the locking device was not operating. The plaintiff admitted that if the cover had been properly replaced in the seat and had been in such position when she stepped upon it, she would not have sustained any injury. The evidence further disclosed that the locking device was designed to hold the cover in place and to prevent it becoming displaced or unsafe. As supporting its contention that there was no primary negligence, defendant cites City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462; Oklahoma Gas & Electric Co. v. Wilson, 172 Okla. 540, 45 P. 2d 750; Clanton v. Chrisman, 174 Okla. 425, 51 P. 2d 748; Mathers v. Younger, 177 Okla. 294, 58 P. 2d 857; City of Tulsa v. Frye, 165 Okla. 302, 25 P. 2d 1080; Smith v. Alabama Water Service Co., 225 Ala. 510, 143 So. 893; Wilson v. East St. Louis & Interurban Water Co., 295 Ill. App. 603, 15 N. E. 2d 599; and in support of its contention that the evidence does not show that defendant had any actual or constructive notice of the defective condition of the cover, defendant cites Bellevue Gas & Oil Co. v. Carr, 61 Okla. 290, 161 P. 203; Oklahoma City v. Luckett, 177 Okla. 129, 57 P. 2d 817. An examination of the cases cited will reveal that, while they are authority for the general rule that in order to constitute actionable negligence three elements must exist; that is, a duty on the part of the defendant to protect the injured party from injury, the failure of defendant to perform such duty, and that such failure was the proximate cause of the injury, they do not support the contention of the defendant that in the case at bar there was no evidence to go to the jury upon the issue involved. Under the evidence defendant's employee had been the last person who had removed and replaced the cover on the meter box. The defendant admitted that the cover had a broken lock and that it had knowledge of such condition, and that in the absence of the locking device the safety of the cover when used by a person stepping upon it was dependent upon whether it was properly in place. While the meter reader testified that he had properly replaced the cover when he had removed it, there was no evidence that anyone else had disturbed the cover in the meantime, and these were facts from which the jury could infer that the cover had not been securely replaced when it had been removed and that defendant had for several years known that a cover without the locking device could not be relied upon to be securely replaced when removed. Under these facts and circumstances, we are of the opinion that what was said in Oklahoma City v. Stewart, 155 Okla. 37, 8 P. 2d 30, is applicable, wherein it was said:

"It is not necessary that a city have actual notice of the condition of its streets in order for it to become liable in an action for damages. It is sufficient if the defective condition of the street has existed for such a period of time that the city, by the use of ordinary care, should have discovered the same.

"The duty of a municipal corporation to maintain its sidewalks and streets in a reasonably safe condition for use by the public, and to exercise ordinary care in its inspection of its sidewalks for places of danger, is not confined within the exact lines followed by the public in passing over the sidewalks. It is the duty of the municipal corporation to protect the public from dangers near or in close proximity to the sidewalks."

The contention of the defendant relative to the insufficiency of the evidence to send the case to the jury is, in our opinion, without support under the authorities cited.

It is next contended that the court

erred in refusing to give two instructions requested by the defendant. One of the instructions so requested was relative to the necessity of defendant having actual or constructive notice of the tilted condition of the water cover. This requested instruction was substantially given in instruction No. 4, given by the court and to which no exception was taken or saved. The other instruction requested by the defendant, in effect, requested the court to instruct the jury that a certain set of facts would constitute contributory negligence, although defendant disavows such intention. The instruction requested would have been erroneous, if given. See Masho v. Hines, 91 Okla. 295, 217 P. 856; Goodrich v. City of Tulsa, 102 Okla. 90, 227 P. 91.

The case appears to have been fairly tried upon instructions to which no exceptions were taken or saved, and no reversible error of law has been made to appear here. Under these circumstances, this court will not interfere with the verdict and the jury and the judgment rendered thereon.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.