CITY OF MUSKOGEE v. ROBERTS.

No. 30909. June 15, 1943.

Rehearing Denied Sept. 21, 1943.

*141 P. 2d 100.*

C. A. Ambrister, of Muskogee, for plaintiff in error.

Thos. W. Leahy and Chas. A. Moon, both of Muskogee, for defendant in error.

DAVISON, J. On the 21st day of November, 1941, the district court of Muskogee county entered its judgment, based upon the verdict of a jury, awarding $500 damages for personal injuries against the city of Muskogee and in favor of Myrtle Roberts, in an action then pending in that court in which the last-named person was plaintiff and the municipality named above was defendant.

The city filed its motion for a new trial, which was overruled, and thereafter perfected its appeal to this court. As plaintiff in error herein it seeks a reversal of the trial court's judgment upon the sole theory that the trial court committed prejudicial error in connection with its instructions to the jury. The order of appearance is reversed in this court, but we shall continue to refer to the parties by their trial court designation.

Upon review of the record we have found that there is some error in the record, but in the light of the issues of fact as developed by the proof on trial of the cause we are unable to say the same is prejudicial.

The plaintiff was injured on June 30, 1941, while walking across a parkway in one of the streets in a residential section of the city of Muskogee. According to her testimony, as corroborated by disinterested witnesses, she stepped on the lid of a water meter box which tipped. Her foot and a part of her leg dropped into the meter box, producing the injury. The sufficiency of the resulting damage to support the verdict is not herein disputed.

The parkway was between the sidewalk and the curb. There was an automobile parked at the curb in the portion of the street used by traveling vehicles. In the parkway and in the line of travel chosen by the plaintiff to go to the car there was a water meter, located in what is called a water meter box, buried in the ground with its top approximately level with the surface of the surrounding ground. Grass was growing in the parkway and around the box. The height of the grass was about four inches. The round lid of the box was supported, or supposed to be supported, by a flange around its outer edge. This flange had, according to the testimony of the plaintiff, rusted off so that when weight was placed on one side or portion of the surface of the lid it would tip or turn so that the object exerting pressure would or might fall into the meter box.

The lid had, as plaintiff's proof established, been in the condition indicated for more than a year prior to plaintiff's injury, although plaintiff, who did not then live in the immediate neighborhood, did not know of its condition.

After this accident the meter box and lid were removed and replaced by the city. The city manager agreed with attorney for the plaintiff that the removed equipment would be preserved intact for production at the trial, but through oversight on the part of city employees or failure to receive instructions, the items were lost. Corresponding but undamaged equipment was used for demonstrative purposes in the trial of the case.

The city produced evidence of a negative character that the meter box lid was not in the condition described in plaintiff's proof. For instance, the man who read the meter said he did not notice its damaged condition. This man read a great many meters and had no independent recollection of the condition of this particular meter box lid. The city did not produce the man who removed and replaced the equipment. Apparently no one connected with the city government was sufficiently familiar with the condition of the lid to testify in connection therewith.

The city also produced evidence of one eyewitness to the accident to the effect that plaintiff stumbled at or near the place where the meter box was and fell into the car parked at the curb.

The plaintiff's pleading, opening statement, and proof demonstrate that she relied solely upon the alleged defective condition of the lid of the meter box as the basis of the city's liability. She did not undertake to impose or assert liability by reason of any slight or trivial defect in the terrain near or adjacent to the meter box or by reason of the manner in which, or place at which, the meter box was installed.

There was but one principal issue of fact connected with the condition of the street in the trial of the case so far as the record reflected. Namely: Was the edge of the meter lid rusted off so that it would tip when weight was placed thereon? This issue was not eliminated or obscured in any way by any instruction or failure to instruct on the part of the trial court.

The instructions are deficient in that the trial court failed to define "reasonable care" as that term was used in its instruction and failed to tell the jury that negligence should be measured by what a reasonably prudent person would have done under the circumstances. The

defect in the instruction was one of omission and not of commission. As applied to the facts in this case it was non-prejudicial.

The jury in this case in effect found that a meter box located in a street was equipped with a lid which at the time of plaintiff's injury was, and for a long time prior thereto had been, in such a damaged condition as to tip if a pedestrian stepped on it, and thus cause his foot and leg to drop into the meter box below. It is difficult for us to perceive that any jury, convinced of the long existence of such a condition and of an injury directly and proximately caused thereby, would excuse the municipality on the theory that a reasonably prudent man would not anticipate the probability of resulting injury.

In announcing this view we are, of course, aware that it is the duty of a trial court to instruct generally on the issues presented by the pleadings and proof, and this duty may in some cases comprehend as one included feature a duty to explicitly advise in connection with the prudent man test. (See, however, Muskogee Electric Traction Co. v. Rye, 47 Okla. 142, 148 P. 100.)

We also take cognizance of the general concept that as a rule the question of what constitutes negligence as well as the question of whether the negligent act of commission or omission was committed are both matters for determination by the jury. Union Transportation Co. v. Lamb, 190 Okla. 327, 123 P. 2d 660.

However, when a case is presented on appeal, these, as well as other rules, must be considered in the light of the legislative direction, with respect to harmless error, contained in 22 O. S. 1941 § 1068 and 12 O. S. 1941 § 78; Helmerich & Payne, Inc., v. Nunley, 176 Okla. 246, 54 P. 2d 1088.

Under the circumstances of this case we are unable to say that the erroneous failure of the trial court to be more explicit on the test of negligence probably resulted in a miscarriage of justice. In fact, our conclusion from the record is that it did not. Defendant's method of preserving this question for review was by general allusion in its motion for new trial to instructions requested by plaintiff and given by the court over the objection and execution by the defendant. An examination of the record reflects that the defendant excepted to five of the 14 numbered instructions given by the trial court, but it does not reflect which of these five numbered instructions, if any, were requested by the plaintiff. Thus, on the face of the record it is not possible to identify the instructions complained of. Furthermore, it is to be observed in connection with this type of objection that the error is one of omission, not of commission. The defendant did not in its motion for new trial specifically complain of neglect on the part of the court to adequately discharge its general duty to instruct on the issues.

It did request an instruction dealing with alleged negligence on the part of the plaintiff herself, and as a part of that instruction it alluded to the "prudent person" test. It now complains of the failure to give this portion of the requested instruction and make it applicable to defendant's acts. This complaint does not change the character of the error, but on the contrary indicates that the erroneous omission from the instructions did not at the time of the trial appear to the defendant to be sufficiently fundamental to merit a separate request.

Defendant also complains of the failure of the trial court to instruct on what is referred to as the "trivial defect rule." The rule alluded to was first formally recognized by this court in City of Tulsa v. Frye, 165 Okla. 302, 25 P. 2d 1080, wherein we held the question was one of law. The rule thus established is primarily for the guidance of and application by the court as distinguished from the jury. Where the defect complained of was sufficiently insignificant to fall within the rule, it is, generally speaking, the duty of the trial court to withdraw the case from the jury rather than to instruct the jury in connection

therewith. If the trial court fails to discharge this duty, we can do so.

We do not think it can be properly held that a meter box covered with a damaged lid of the character herein indicated constitutes such a trivial defect. If the plaintiff had relied on having stumbled on uneven ground, a different question would exist in connection with the "trivial defect rule." The theory that plaintiff stumbled was brought into this case as a matter of defense. It was not relied upon by the plaintiff. We held in the case of Oklahoma City v. Stewart, 155 Okla. 37, 8 P. 2d 30, that a defective cover on a water meter lid constituted a question for the jury. In so doing we pointed out that the duty of the city to keep its streets in a reasonably safe condition extends to portions of the street adjacent to the sidewalk as well as the sidewalk itself. We said in paragraph 2 of the syllabus:

"The duty of a municipal corporation to maintain its sidewalks and streets in a reasonably safe condition for use by the public, and to exercise ordinary care in its inspection of its sidewalks for places of danger, is not confined within the exact lines followed by the public in passing over the sidewalks. It is the duty of the municipal corporation to protect the public from dangers near or in close proximity to the sidewalks."

The jury in this case was instructed in substantial conformity to the rule above announced.

The record before us is free from prejudicial error. The judgment is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur.