CITY OF NORMAN v. SALLEE.

No. 34478.  Dec. 4, 1951.

*238 P. 2d 292.*

J. D. Holland, City Atty., Norman, for plaintiff in error.

Paul W. Updegraff and Harry G. Foreman, Norman, for defendant in error.

PER CURIAM. Plaintiff here sought to recover damages for injuries to her person alleged to have occurred because of the negligence of the defendant city. The trial was to a jury and resulted in a verdict and judgment in favor of the plaintiff for the sum of $750.

The city filed its motion for a new trial which was overruled, and thereafter perfected its appeal to this court. As plaintiff in error herein it seeks a reversal of the trial court judgment under four propositions submitted in its brief. The order of appearance is reversed in this court, but we shall continue to refer to the parties by their trial court designations.

The defendant interposed a general demurrer to plaintiff's petition which was overruled by the court. This action of the trial court is assigned as error by the defendant and is presented in the first proposition of its brief as ground for reversal.

The plaintiff's petition alleges:

"1. That prior to the 30th day of June, 1948, the defendant, City of Norman, a municipal corporation, through its duly constituted authorities, its agents, servants and employees, created a water system within its limits for the purpose of selling water to the persons in the City of Norman, and installed a water meter box on the parking of the address of the plaintiff hereinabove set forth which was constructed and maintained by the City of Norman.

"2. That the defendant was guilty of negligence in that the said meter box was improperly constructed, the top of the meter box would tilt and was in a state of disrepair; that the top of the meter box would tilt and the top of the said box would get down into the said box; that the defendant, its agents, servants and employees repaired the said meter box a short time prior to the time that the plaintiff fell therein, the exact time this plaintiff cannot state, but the repairs made by the said defendant did not fix the same or prevent the same from tilting; that about 11 o'clock p.m. on the 30th day of June, 1948, the said meter box was in a state of disrepair as above described which was known to the said defendant and/or by reasonable and proper care and investigation could have been known to said defendant and its agents, servants and employees.

"3. That by reason of the improper construction and disrepair of the said water box, on the 30th day of June, 1948, at about 11:00 o'clock p.m., the plaintiff stepped on the said box and the lid tilted throwing her left leg into the said meter box causing it to be twisted, torn and lacerated; that plaintiff's injuries were proximately caused by the negligence of the defendant. That it was necessary to take several stitches in her left leg in order to close a gaping wound; that this plaintiff suffered and still suffers great and excruciating pain as a result of said injuries and has three permanent scars below the knee on her left leg which are permanent disfigurements and will disfigure this plaintiff for life."

The defendant contends that the petition shows the plaintiff guilty of contributory negligence and is fatally defective for failing to allege specifically that she was in "the exercise of due care for her own safety." With this contention we are unable to agree. The petition fairly states a set of facts showing negligence on the part of the defendant in the maintenance of a defective water meter box lid, and that said defendant had actual or constructive notice of its defective condition. Under the Oklahoma Constitution, art. 23, §6, which provides that contributory negligence shall in all cases whatsoever be a question of fact and shall at all times be left to the jury, it is not necessary for the plaintiff to negative contributory negligence in her petition. Contributory negligence is an affirmative defense which must be pleaded and

proven. G. A. Nichols Co. v. Lockhart, 191 Okla. 296, 129 P. 2d 599.

The defendant quotes from 38 Am. Jur. 960, §270, in its brief, to support its contention, but the rule therein set forth does not apply to the fact situation pleaded by the plaintiff.

The defendant in its answer plead contributory negligence which is denied by the plaintiff in her reply, which properly presented an issue of contributory negligence under the pleadings.

The defendant next urges that the trial court erred in overruling the demurrer of the defendant to the plaintiff's evidence; in overruling the objection of the defendant to the introduction of any evidence; in overruling the demurrer of the defendant at the close of all the evidence, and in the refusal of the court to give a peremptory instruction requested by the defendant, all of which are presented under the second proposition of its brief.

The evidence purports to show that the plaintiff was injured on the night of June 30, 1948; while walking across a parkway in front of her home in the city of Norman, she stepped on the lid of a water meter box owned and maintained by the city, which tipped. Her foot and leg dropped in the water meter box producing the injury. The sufficiency of the resulting damage to support the judgment is not herein disputed. The parkway was between the sidewalk and the curb. The water meter box was located between one and two feet from the driveway to the plaintiff's home and approximately eighteen inches from the outside edge of the sidewalk. It was a rectangular type water meter box with a concrete lid approximately three inches thick. The lid set above the level of the ground. This concrete lid, according to the testimony of the plaintiff, her mother and neighbors, had a piece broken off of one corner thereof, sufficient to cause the lid to tilt when stepped on. The lid had been in a broken condition more than a year prior to the plaintiff's injury, and the city had been notified of its condition.

The city produced evidence of a negative character tending to show that the lid to the water meter box had never been repaired but that it could not tilt. The city employee who read the meter said he did not notice the damaged condition of this meter box. This man had read many meters and had no particular recollection of the condition of this water meter box lid, nor did any of the other witnesses produced by the defendant have any particular recollection of this water meter box lid.

The city did not produce the man who removed and replaced the equipment nor was any of the equipment produced for the trial. The plaintiff produced photographs of similar undamaged equipment. Apparently no one connected with the city government was sufficiently familiar with the condition of this lid to testify concerning its condition.

The plaintiff's pleading and proof demonstrated that she relied solely upon the defective condition of the lid of the meter box as the basis of the city's liability.

There were but two principal issues of fact in connection with the condition of the meter box lid so far as the record reflected, namely: (1) Was it in the condition as contended by plaintiff? (2) Was the plaintiff guilty of contributory negligence in stepping on this defective lid at 11 o'clock in the nighttime? These issues were not eliminated or obscured in any way by instruction or failure to instruct by the trial court.

It was not disputed that approximately a year before the plaintiff's injury the plaintiff's husband had notified the city officials that the water meter box lid was broken; it was also shown that the city's employees regularly read the meter and saw the lid each month.

The jury in this case found in effect from the evidence that a meter box

located in the parkway was equipped with a lid which at the time of plaintiff's injury was and for a long time prior thereto had been in such a damaged condition as to tip if a pedestrian stepped on it and thus cause his foot and leg to drop in the meter box lid below. It is difficult for us to perceive that any jury, convinced of the long existence of such a condition and of an injury directly and proximately caused thereby, would excuse the municipality on the theory that a reasonably prudent person would not anticipate the probability of resulting injury.

The facts in this case are analogous to those in City of Muskogee v. Roberts, 193 Okla. 61, 141 P. 2d 100. Both involve personal injuries received from stepping upon a water meter box lid which tilted. In the case cited, the edge of the meter box lid rusted off so that it would tip when weight was placed thereon; in the case before the court the corner of the meter lid was broken off and tilted when stepped on.

In both cases the plaintiff relied solely upon the alleged defective condition of the lid of the meter box as the basis of the city's liability.

We held in the Muskogee case, following Oklahoma City v. Stewart, 155 Okla. 37, 8 P. 2d 30, that a defective meter lid with claim of negligence and resulting injury presented a question for the jury. In so doing we pointed out the duty of the city under such circumstances.

The trial court properly overruled the defendant's demurrer and motions attacking the sufficiency of plaintiff's evidence; the plaintiff's evidence showed defendant guilty of negligence in maintaining a defective lid upon its water meter box on the parkway in front of plaintiff's home, which tilted when stepped on by plaintiff at night and caused plaintiff to step into the box, thereby sustaining severe injuries to her leg.

Whether the city had actual notice of the defective condition of its water meter box, or whether it had existed for a sufficient period of time for the municipal corporation to be advised of its existence by the inspection of its sidewalks and streets, are questions of fact for the jury under proper instructions from the court.

The third proposition of defendant's brief is based on the refusal to give the following requested instructions:

"1. You are instructed that the meter box of defendant was in a place where defendant had a right to place it; and you are further instructed that the plaintiff had the right to be in and about and on the parking where said meter box was; and in this connection, you are instructed, that even though you find that the said meter box cover was defective, and said defendant was guilty of negligence in not repairing same, if the plaintiff knew that the said meter box or cover was in a state of disrepair, then she would be charged with such knowledge, and if she went upon and around same she would do so at her own risk and would be guilty of contributory negligence, and your verdict should be for the defendant.

"2. You are instructed that if defendant had no actual notice of a defective condition of said meter box or lid, then your verdict should be for the defendant."

With reference to the first requested instruction we have many times held that an instruction, that if a certain state of facts is found to exist such facts constitute contributory negligence, was erroneous and would constitute reversible error. Flanagan v. Oklahoma Ry. Co., 201 Okla. 362, 206 P. 2d 190; Folsom Morris Coal Mining Co. v. Scott, 107 Okla. 178, 231 P. 512; St. Louis & S. F. R. Co. v. Jones, 78 Okla. 204, 190 P. 385, 16 A. L. R. 1048; Muskogee Electric Traction Co. v. Watkins, 96 Okla. 284, 222 P. 996.

The requested instructions are contrary to the well established rule in this state and were properly refused.

The trial court properly, in its instruction No. 4, defined contributory negligence as that term is used in art.

23, §6, of the Oklahoma Constitution, and submitted the question to the jury. Southwestern Cotton Oil Co. v. Sawyer, 175 Okla. 87, 51 P. 2d 543; Mascho v. Hines, 91 Okla. 295, 217 P. 856; City of Hugo v. Nance, 39 Okla. 640, 135 P. 346; Flanagan v. Oklahoma Ry Co. supra.

The second requested instruction above set forth was properly refused because of its limitations to "actual notice." In Oklahoma City v. Stewart, 155 Okla. 37, 8 P. 2d 30, we held:

"It is not necessary that a city have actual notice of the condition of its streets in order for it to become liable in an action for damages. It is sufficient if the defective condition of the street has existed for such a period of time that the city, by the use of ordinary care, should have discovered the same."

We there applied that rule to the duty of a city as to its meter box and it is applicable here. See, also, City of Muskogee v. Roberts, 193 Okla. 61, 141 P. 2d 100, and City of Tulsa v. Caudle, 193 Okla. 6, 141 P. 2d 107.

The trial court in its instruction No. 9 instructed the jury on both actual and constructive notice, in accordance with the above rule.

The defendant's fourth proposition is primarily based upon the contention that the judgment is contrary to law. This proposition is not tenable in view of the disposition herein made of its other propositions.

The allegations of plaintiff's petition were supported by the evidence, and the trial court having properly instructed the jury on the issues and evidence submitted, we cannot say that such a judgment is contrary to law.

A judgment of the trial court in a personal injury action for damages, in which the evidence supports the allegations of the plaintiff's petition which states a cause of action and is submitted to the jury under proper instructions covering the issues involved, in which the jury resolves the disputed questions of fact in favor of the plaintiff, is not contrary to law; and in the absence of any errors committed by the trial court should be affirmed on appeal.

The judgment of the trial court is affirmed.

This Court acknowledges the services of Attorneys Ted R. Fisher, E. Blumhagen and Clyde E. Robinson, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.