Hazel McFARLAND, Plaintiff in Error,

v.

Walter CRABTREE, Defendant in Error.

No. 38048.

Supreme Court of Oklahoma.

Oct. 28, 1958.

A. Camp Bonds, Muskogee, for plaintiff in error.

Earl Youree, Wagoner, for defendant in error.

CARLILE, Justice.

This is an action by Walter Crabtree against Hazel McFarland to recover damages for personal injuries occurring as a result of an automobile accident. It is alleged that the accident occurred on the 13th day of March, 1956 about five miles south of Wagoner, Oklahoma, while plaintiff and defendant were crossing a highway bridge spanning the Verdigris River, and plaintiff lost control of her automobile and negligently ran it into the side of the bridge, causing injury to plaintiff while riding with the defendant as a passenger on the share the ride plan. Plaintiff charges defendant with negligence in driving her vehicle at an excessive speed for the conditions and circumstances present at the time of the accident; that in driving her vehicle in such a manner that she could not bring the same to a full stop before colliding with the bridge, and that defendant failed to keep her vehicle under proper control, and alleged that as a result of the accident he sustained injuries to his face, chin, neck, shoulder and knee, causing some permanent disability to his person, and alleged that he has and will continue to suffer pain as a result of his injuries, and prays judgment for damages in the sum of $23,000.

The defendant filed an answer to plaintiff's petition consisting of a general denial and alleged that the plaintiff was guilty of contributory negligence which, co-mingled with the negligence of defendant, if any, caused the injuries complained of, and further alleged that plaintiff failed to keep a proper lookout for his own safety and failed to warn or remonstrate with defendant for her alleged negligence, and further alleged that plaintiff and defendant were on their way to work and on a joint and common mission and plaintiff had an equal right to suggest, direct and control the vehicle.

At the close of plaintiff's evidence defendant demurred thereto on the ground that it was insufficient to authorize a recovery in plaintiff's favor. The demurrer was overruled and defendant then introduced her evidence, and at the close of all the evidence defendant moved the court for a directed verdict in her favor, which was denied. The case was submitted to the jury and verdict returned in favor of the plaintiff for the sum of $5,000. Defendant's motion for a new trial was overruled and judgment rendered on the verdict in favor of plaintiff. Defendant appeals, and in her first proposition contends that the evidence is insufficient to establish negligence and the court therefore erred in overruling her demurrer to the evidence and motion for a directed verdict. The evidence shows that at the time of the accident plaintiff and defendant were driving to work in plaintiff's automobile. She drove her car one week and the defendant would drive his car the next week. It was misting rain on the morning of the accident and the floor of the bridge on which the parties were crossing was icy and slick, and when the car was on the bridge it began skidding and sliding from one side to the other, and struck the side of the bridge near the south end, smashing the front end of the car and throwing plaintiff back and up in the car, cutting his chin and inflicting other bodily injuries.

■ We think the evidence was sufficient to require submission of the case to the jury on the question of whether defendant, under all the facts, circumstances and conditions, was driving at a reckless rate of speed and was negligent in losing control of her car after entering upon the bridge. We find no error in the action of the trial court in overruling defendant's demurrer to the evidence and motion for a directed verdict.

The second proposition presented by defendant, plaintiff in error here, relates to the action of the court in denying her request to have plaintiff examined by a physician after he had exhibited his body and injuries to the jury. In view of our further holdings herein we deem it unnecessary to determine the merits of the second proposition as the action complained of may not occur in the retrial of the case.

■ Defendant, for a third proposition, contends that the court erred in refusing to give her requested instruction No. 1 which, in effect, advised the jury that if they found that the defendant was driving at a high and dangerous rate of speed and that the plaintiff made no protest to the defendant against the speed of the automobile and did not request defendant to stop or slow down the car then the plaintiff was guilty of contributory negligence and could not recover in the action.

■ We think the evidence was sufficient to take the case to the jury on the question of contributory negligence and the defendant was entitled to a proper instruction thereon, but the trial court did not err in failing to give the requested instruction because it is violative of the well-established rule announced in many decisions of this court. The opinion in Flanagan v. Oklahoma Ry. Co., 201 Okl. 362, 206 P.2d 190, 192, states:

"We have many times held that an instruction that if a certain state of facts is found to exist such facts constitute contributory negligence was erroneous and constituted reversible error. Folsom-Morris Coal Mining Co. v. Scott, 107 Okl. 178, 231 P. 512; St. Louis & S. F. R. Co. v. Jones, 78 Okl. 204, 190 P. 385, 16 A.L.R. 1048; Muskogee Electric Traction Co. v. Watkins, 96 Okl. 284, 222 P. 996. For other cases so holding see note 14 to Art. 23, section 6, O.S.A.Constitution. The proper instruction in such case is to define to the jury contributory negligence as that term is used in Art. 23, section 6 of the Constitution, and to submit the question to the jury. Southwestern Cotton Oil Co. v. Sawyer, 175 Okl. 87, 51 P.2d 543; Mascho v. Hines, 91 Okl. 295, 217 P. 856; City of Hugo v. Nance, 39 Okl. 640, 135 P. 346."

"The trial court properly refused to give a requested instruction to the jury that, if a certain state of facts are found to exist, such facts would constitute contributory negligence." City of Norman v. Sallee, 205 Okl. 419, 238 P. 2d 292, 293.

One of the grounds of negligence relied on by plaintiff was that defendant was driving her car at a reckless rate of speed under conditions then existing. He, however, testified that he made no objection to the rate of speed at which she was driving, nor did he warn her of the danger of driving at such speed. In its instruction No. 10 the trial court instructed the jury that negligence on the part of the driver of a car ordinarily cannot be imputed to a passenger who has no control over the driver or the operation of the vehicle, and for that reason, the negligence, if any, of the driver of the automobile in which plaintiff was riding cannot be imputed to him on the evidence introduced in this case.

■ And in its instruction No. 11 the jury was told that a guest or passenger in an automobile is obligated to use ordinary care and caution in preserving his own safety and is obligated to keep a reasonable lookout for approaching danger and to warn the driver with reference to approaching dangers, and if it appears to the passenger that the driver of the vehicle is operating it in a negligent manner it is the duty of the passenger to remonstrate with the driver with respect to a method of operation. The

court, however, failed to instruct the jury that if it found the plaintiff guilty of contributory negligence then he could not recover and the verdict should be for the defendant. The court, in its instruction No. 6, defined contributory negligence, but did not instruct the jury that if they found defendant guilty of contributory negligence he could not recover and the verdict should be for the defendant. In failing so to do the court committed reversible error. We have many times held, as stated in Stillwater Milling Co. v. Templin, 182 Okl. 309, 77 P. 2d 732, 733:

"Where contributory negligence is made an issue, and there is any competent evidence introduced on the issue, the issue always must be submitted to the jury."

"Under section 6, art. 23 (section 355, Williams'), Const., it is the duty of the trial court to submit to the jury the defense of contributory negligence in every case where it is pleaded and there is evidence tending in any degree to prove it; and failure to do so is reversible error." Oklahoma Ry. Co. v. Milam, 45 Okl. 742, 147 P. 314.

Phillips v. Barker, Okl., 269 P.2d 337, 340, states in the opinion:

"It is well settled that a trial judge must, upon his own motion, instruct correctly upon the fundamental issues made up by the pleadings and the evidence, and that failure so to do is reversible error. Liberty Nat. Bank of Weatherford v. Semkoff, 184 Okl. 18, 84 P.2d 438; City of Altus v. Martin, 185 Okl. 446, 94 P.2d 1; Evlo Refining & Marketing Co. v. Moore, 192 Okl. 576, 137 P.2d 911. * * *"

Contributory negligence was a fundamental issue in the present case and failure of the court to properly instruct thereon was reversible error.

The plaintiff in error presents two other propositions in support of her appeal, but we do not pass upon the merits of the same in view of our reversal of the judgment. The alleged error may not occur in a retrial of the action.

For the reasons stated the judgment of the district court is reversed, and the cause remanded for a new trial.

CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concurring.

WELCH, C. J., and JOHNSON, J., dissenting.