Robert J. NALE, Plaintiff in Error,

v.

J. L. CATHCART, Defendant in Error.

No. 38581.

Supreme Court of Oklahoma.

April 12, 1960.

Rucker, Tabor & Cox, Joseph A. Sharp, Tulsa, for plaintiff in error.

Wallace & Wallace, Sapulpa, for defendant in error.

PER CURIAM.

The plaintiff in his petition alleged in part, that after he had driven his automobile in a northerly direction on Mission Street in the City of Sapulpa, he stopped his automobile at the intersection of Mission and Pfendler, to make a left turn and was struck from the rear of his automobile by an automobile driven by the defendant. The answer of the defendant was a general denial, a plea of unavoidable casualty and contributory negligence. The case was tried to a jury and it returned a verdict for the plaintiff.

On appeal the defendant first contends that the trial court erroneously instructed that if the jury found a certain set of facts to be true then the defendant was guilty of negligence.

Defendant argues that the instructions given by the court were that if certain facts were found by them to exist, then the defendant was guilty of negligence and jury should find for plaintiff. It is his contention that the court is required to merely instruct as to the duties, rights and obligations under the law, and the jury is to determine whether or not the parties are guilty of negligence, and that the instructions as given constitute prejudicial error in that they in effect told the jury that the defendant was guilty of negligence. The cases, City of Norman v. Sallee, 205 Okl. 419, 238 P.2d 292; Squyres v. Klick, Okl., 264 P.2d 325, and Simon v. Hendricks, Okl., 330 P.2d 186, are cited to support this argument. All of the above cases are authority as to the instructions on contributory negligence under Section 6, Article 23 of the Oklahoma Constitution. The defendant does not call to our attention any authority wherein this exact rule is applicable to primary negligence.

In the case of Skaggs v. Gypsy Oil Co., 169 Okl. 209, 36 P.2d 865, 869, we said:

"* * * The court so instructed the jury in giving instruction No. 20, by charging 'that if the defendant was at the time of [automobile] accident, or just prior thereto, driving automobile in excess of lawful speed he was guilty of negligence and if such negligence was the proximate cause of plaintiff's injury, plaintiff should recover.' * * The instruction is not confusing and misleading, nor does it invade the province of the jury, nor does it intimate that the court was charging that the defendant's automobile was being operated at a lawful rate of speed, * *"

In the case before us the court instructed the jury if it found certain facts concerning the defendant's conduct then the defendant was guilty of negligence, and if they found the negligence was the proximate cause of collision and injuries then they would find for plaintiff.

■ The defendant in his brief has made no argument concerning the correctness of the statements of law embodied in these instructions. When considered together with other instructions we consider them harmonious with the previous ruling of this court.

We have examined the instructions specifically referred to in this contention, together with all of the instructions given, and we find no merit in this contention.

As a second proposition it is contended that the court gave instructions which overemphasized the damages alleged to have been suffered by the plaintiff.

■ On that point we have examined all of the instructions and specifically the instructions pointed to by the defendant, and we find no merit in this contention.

We have examined the instruction complained of by the defendant in both of these propositions, and when considered with all the instructions, we find that they require that the jury find that the negligence of defendant was the proximate cause before it could find for the plaintiff, and that the instruction as to damages fairly submitted that issue. No contentions are presented by the defendant other than those addressed to the instructions of the court.

Affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. Corn in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.

JOHNSON, J., dissents.